410 A.2d 166 (1979)
R. E. T., Plaintiff, Appellant,
v.
A. L. T., Defendant, Appellee.
Supreme Court of Delaware.
Submitted November 20, 1979.
Decided December 28, 1979.
Henry A. Heiman, Wilmington, for appellant.
Richard I. G. Jones, of Prickett, Sanders, Jones, Elliott & Kristol, Wilmington, for appellee.
Before DUFFY, QUILLEN and HORSEY, JJ.
DUFFY, Justice:
This is an appeal from a Family Court order, entered in a divorce action, awarding alimony to the wife and disposing of the family residence.

*167 I
The relevant facts are as follows:
The parties were married on March 28, 1958. They have two children, both over 18 years of age and attending college. The husband is 49 years old and is employed by a local chemical company in a management position; the wife is 46 and works as a bank teller.
The employment history of the parties is critical to an understanding of the Trial Court's order. Prior to the marriage, the wife had been employed as a stewardess by United Airlines. After five years with United, she was offered a management position at about the time she became engaged to and married the husband. Consistent with the general mores of the times and the husband's specific wish, the wife gave up her employment with United and moved with her husband to Wilmington, where he had accepted a position with the company which now employs him. Shortly thereafter, the wife became pregnant and, for all practical purposes, for the next twenty years her business career was abandoned and she settled for the life of a loving and supportive wife and mother.
During this period, the husband advanced professionally, earning on average a 10.8% annual salary increase, and moving up within the corporate hierarchy.
After almost twenty years of marriage, the parties separated in April 1977 and in October of that year the husband filed a complaint for divorce. After a hearing the Family Court granted the divorce on the grounds of incompatibility, 13 Del.C. § 1503(3).[*] Thereafter, the Court held a property division and alimony hearing and entered the order which is on appeal here.
The Family Court adopted a unique approach to the alimony issue. Finding that throughout the marriage the parties had "engaged in a true partnership in every sense of the word", it concluded that the parties' "present assets, liabilities and incomes should be divided as equally as possible and that their present and future spendable incomes should be equalized to the extent possible". The husband has challenged this resolution on the grounds that it is arbitrary and an abuse of discretion.
The husband has also challenged the Family Court's disposition of the family residence, which was as follows.
"[T]he Wife should be permitted to retain possession of the marital home rent free, but subject to payment of the mortgage and all expenses attendant thereto (except for major repairs or necessary capital improvements which should be paid equally by the parties), until: (a) June of 1982 when the younger child would normally be expected to graduate from college, (b) her death, (c) remarriage, or (d) her election to sell the property, whichever shall earliest occur, at which time the property shall be sold and the new proceeds, after payment of the mortgage, commissions, and other normal settlement costs, divided equally between the parties or their estates if either or both are then deceased."

II
We first consider the alimony award entered under 13 Del.C. § 1512, which provides in part as follows:
"(a) The Court may grant an alimony order for respondent if the petition for divorce avers that the marriage is irretrievably broken because of incompatibility or mental illness and respondent, or someone on his or her behalf, shall aver in an affidavit filed in the action and prove by a preponderance of the evidence that respondent:
(1) Is dependent upon petitioner for support but petitioner is not contractually or otherwise obligated to support respondent after the entry of a divorce decree;
(2) Lacks sufficient property, including marital property apportioned to *168 him or her, to provide for his or her reasonable needs; and
(3) Is unable to support himself or herself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.
(b) The alimony order shall be in such amounts and for such periods of time as the Court deems just, without regard to marital misconduct, and after considering all relevant factors including:
(1) Financial resources of respondent including marital property apportioned to him or her, and his or her ability to meet his or her needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
(2) Time necessary to acquire sufficient education or training to enable respondent to find appropriate employment;
(3) Standard of living established during the marriage;
(4) Duration of the marriage;
(5) Age, and the physical and emotional condition of respondent;
(6) Ability of petitioner to meet his or her needs while meeting those of respondent; and
(7) Tax consequences."
In this appeal, the husband does not put in issue the wife's right to alimony (he concedes that she is entitled to "some"), but he does contest the amount thereof. Thus we focus on § 1512(b).
It is settled Delaware law that, in disposing of property following divorce, the Trial Court has broad powers under the governing statute, 13 Del.C. § 1513. Husband R. T. G. v. Wife G. K. G., Del.Supr., 410 A.2d 155 (1979).
Given the inherent nature of alimony and the circumstances which are relevant to a proper determination of an award, we conclude that the Family Court has similar powers when determining to what extent, if any, alimony is to be awarded under § 1512. In reviewing the exercise of such powers, our duty is to decide whether the Trial Court abused its discretion.[**] As to our scope of review generally, see Wife (J. F. V.) v. Husband (O. W. V., Jr.), Del.Supr., 402 A.2d 1202, 1204 (1979).
First, as to the facts, the Trial Judge's finding that a "true partnership" of the parties, continuing for almost 20 years, is fully supported by the record. And the record clearly shows the respective conditions of the parties as they now go their separate ways: the husband, at age 49, is a chemical company executive earning some $53,000 annually, the wife, at age 46, is a bank teller earning approximately $6,000 annually. Plainly, the wife's contribution as a home maker was large and her "ability to meet her needs independently", § 1512(b)(1), is modest, particularly where measured by the "[s]tandard of living established during the marriage", § 1512(b)(3), which lasted some 20 years. See § 1512(b)(4). And there is testimony to show that had the wife continued with United Airlines, she might now be employed in a supervisory position earning as much as $30,000 per year.
We conclude that the Family Court properly considered the relevant factors stated in § 1512(b) and did not abuse its discretion in establishing the formula for alimony. The fact that annual contacts between the parties will be necessary to settle the amount due does not make the judgment reversible. Indeed, the very nature of "alimony" contemplates continuing "financial" contacts between former spouses. To the *169 extent that the husband argues that the order may produce an unfair result in the future, he may apply for modification under 13 Del.C. § 1519, if the circumstances change. We also add that we do not view the Trial Judge's order as continuing the prior "partnership"; it is, rather, a formula for determining the amount of alimony payments, based upon the § 1512 factors which include future as well as past considerations.
As to the family residence, the Court considered all pertinent facts under 13 Del.C. § 1513, and ordered an arrangement which is not an abuse of discretion.
Affirmed.
NOTES
[*] 13 Del.C. § 1503(3) provides:

"`Incompatibility' means marital . . . discord that has destroyed the marriage relation, without regard to the fault of either party."
[**] The general rule is stated in 1 ALR3d 6, Permanent Alimony  Excessiveness, at page 23.

"Where the excessiveness of a permanent alimony award is involved or where the amount of such an award is fixed by the court, it is generally recognized that there is no definite rule or formula for determining the amount to be awarded. The amount of the award rests within the discretion of the trial court, whose decision will not be reversed in the absence of a clear showing of abuse of such discretion."