**MICHAEL J. F., Respondent Below—Appellant, Cross-Appellee,**

v.

**CARMELA L. F., Petitioner Below—Appellee, Cross-Appellant.**

Supreme Court of Delaware.

Submitted Sept. 21, 1981.

Decided Nov. 23, 1981.

David Clayton Carrad, Wilmington (argued), for amicus curiae.

William H. Uffelman (argued), of Biggs & Battaglia, Wilmington, for petitioner below—appellee.

Before HERRMANN, C. J., DUFFY and HORSEY, JJ.

HERRMANN, Chief Justice:

This appeal requires examination of 13 *Del.C.* § 1512(a)(3), which provides that the Family Court may grant alimony, in divorce and annulment actions, "commencing after the entry of a decree of divorce or annulment but not to continue for more than 2 years after marriage dissolution"—with certain exceptions not relevant here.[1] The

---

1. 13 *Del.C.* § 1512(a) provides:

"§ 1512. Alimony in divorce and annulment actions; waiver or release.

crux of the problem presented by the cross-appellant[2] is this: Does the 2 year period commence to run (1) when the final decree of divorce was entered, or (2) when subsequent ancillary proceedings have become final.

In this case, the Family Court awarded the appellant alimony, pursuant to § 1512(a)(3), to terminate on November 29, 1981, 2 years after the entry of the divorce decree. The cross-appellant contends that, under a proper construction of § 1512(a)(3), her alimony award should continue until September 15, 1982, being 2 years after the Family Court's final order on the ancillary matters involved.

The Family Court dealt with this contention specifically and at length, holding *inter alia* that § 1512(a)(3) is clear and unambiguous and that, therefore, there is no room for statutory construction or interpretation. We agree.

The word "dissolution" as used in § 1512(a)(3) has a common and ordinary usage. By definition, "marriage dissolution" is the act of "terminating a marriage; divorce; * * *." Black's Law Dictionary (4th ed. 1968) at 560. "The general rule of statutory construction as repeatedly affirmed by this State generally, and in particular by this Court, is that where the language of a statute is plain and conveys a clear and definite meaning, the courts will give to the statute the exact meaning conveyed by the language, adding nothing thereto, and taking nothing therefrom."

*Federal United Corp. v. Havender*, Del. Supr., 11 A.2d 331, 337 (1940).

We hold, therefore, that the plain language of § 1512(a)(3) under consideration means that, with the exceptions noted in the Statute, a grant of alimony may not continue for more than 2 years after the entry of the divorce decree.

The cross-appellant relies upon dictum in *G. W. M. v. I. M.*, Del.Supr., 418 A.2d 965 (1980), which dealt with the phrase "immediately following the divorce," as used in 13 *Del.C.* § 1518(h), now repealed and superseded by § 1512(a)(3). The Court there stated: "While the phrase 'immediately following the divorce,' as it appears in § 1518(h), may perhaps be open to the construction of 'immediately following all aspects of the divorce litigation,' we do not have to reach that issue." Obviously,[3] this statement was pure dictum and was not intended as a ruling in any sense of the word. Moreover, it is significant that, soon thereafter, the General Assembly enacted the present § 1512(a)(3) and repealed § 1518(h), thus deliberately substituting the present more precise "after marriage dissolution" language for the "following the divorce" language of the repealed § 1518(h) which was before the Court in *G. W. M. v. I. M.*

Finally, the conclusion reached here is consonant with a basic provision of the Divorce Statute: Under § 1518(a),[4] a decree

---

"(a) The Court may grant alimony for a dependent party as follows:

"(1) Temporary alimony for either party during the pendency of an action for divorce or annulment;

"(2) Alimony for a respondent commencing after the entry of a decree dissolving an irretrievably broken marriage characterized by mental illness; or

"(3) Alimony for a petitioner, or for a respondent who does not qualify for alimony under paragraph (2) of this subsection, commencing after the entry of a decree of divorce or annulment but not to continue for more than 2 years after marriage dissolution unless the parties were married for more than 20 years."

2. This appeal was originally brought by the husband, but it has been dismissed for want of

prosecution. The wife brought a cross-appeal raising the issue here considered. Counsel was appointed *amicus curiae* to present an adversarial proceeding.

3. This language was substituted, by the issuance of a revised page upon motion for reargument, for the following: "[W]e tend to think the phrase 'immediately following the divorce' as it appears in § 1518(h) *is fairly* open to the construction of 'immediately following all aspects of the divorce litigation'." (Emphasis supplied)

4. 13 *Del.C.* § 1518(a) provides:

"§ 1518. Decree in divorce or annulment proceedings; costs; notice of entry; effect on mentally incompetent spouse; effect on subsequent petitions; temporary alimony.

granting a divorce is "final when entered," subject only to the right of appeal; and an appeal which does not challenge the decree of divorce itself, but only ancillary relief, does not delay the finality of the decree of divorce, remarriage being authorized during the pendency of such latter appeal.

\* \* \*

Affirmed.

"(a) A decree granting or denying a petition for divorce or annulment is final when entered, subject to the right of appeal. An appeal that does not challenge the decree of divorce or annulment, but challenges only rulings with respect to relief awarded under other sections of this chapter, or other matters incidental or collateral to such decree, shall not delay the finality of the decree of divorce or annulment, and the parties may remarry while the appeal is pending."