CATHLEEN C.Q., Respondent
Below, Appellant,

v.

NORMAN J.Q., Petitioner Below,
Appellee.

Supreme Court of Delaware.

Submitted May 4, 1982.

Decided Aug. 31, 1982.

Issued Nov. 15, 1982.*

---

* The decision of the Court was announced in an Order dated August 31, 1982. This Opinion is issued in conformity with that Order to give precedential effect to the Court's ruling.

Edward T. Ciconte (argued), of D'Angelo and Ciconte, Wilmington, for appellant.

Lawrence Ashby (argued), of Ashby, McKelvie & Geddes, Wilmington, for appellee.

Before HERRMANN, C.J., and QUILLEN and HORSEY, JJ.

PER CURIAM:

This appeal concerns ancillary matters following divorce of the parties and the Court's rulings by letter opinions dated September 10 and November 13, 1980. Wife appeals the Court's decisions concerning alimony, property division and attorneys fees. Husband's cross appeal also focuses on the division of marital property. We will deal with each issue seriatim.

■ The Trial Court's failure to adopt the "partnership" theory of *R.E.T.* *v.* *A.L.T.,* Del.Supr., 410 A.2d 166 (1979) in awarding alimony to wife was not an abuse

of discretion amounting to reversible error. The Trial Court exercised sound discretion in deciding not to equalize the parties' income as per *R.E.T.* and in arriving at an alimony award which is not clearly erroneous given the circumstances of the parties.

The concept of equalization of income first recognized in *R.E.T.* is a narrow exception to the general rule that the basic purpose of the Delaware Divorce and Annulment Act, 13 *Del.C.* § 1501 *et seq.* is to "award alimony . . . to a dependent party . . . only during the continuance of such dependency . . .", 13 *Del.C.* § 1502(5), and in a manner which will "encourage parties to become self-supporting." It is not general policy to equalize divorced individuals' income or grant alimony simply because one former spouse can afford to pay.

The Court did not err as a matter of law in concluding that *R.E.T.* "does not control the issues before the Court." Crucial to the application of an equalization of income approach is a "finding that throughout the marriage the parties had engaged in a true partnership in every sense of the word." *R.E.T. v. A.L.T., supra,* at 167.

The wife in *R.E.T.,* upon her marriage and at her husband's request, declined a management position with United Airlines, gave up her job and moved with her husband to Wilmington, where he had accepted employment. The Court observed that "for all practical purposes, for the next 20 years [until the parties' divorce] her business career was abandoned." *Id.* at 157.

Here, in contrast, there is no evidence that wife sacrificed a business or professional career for marriage and the sake of her husband's career. She was not employed at the time of her marriage and had no career plans or professional skills. There is also no evidence that wife actively promoted husband's career or was correspondingly discouraged from pursuing her own employment opportunities. Therefore, *R.E.T.* does not apply to this case and the Trial Court was correct in so holding.

Furthermore, the Court's award to wife of $200 per month in alimony for an indefinite term was consistent with 13 *Del.C.* § 1512(c) and not an abuse of discretion, as wife contends.

Section 1512(c) states that alimony may be awarded only after Family Court considers "all relevant factors justified by the evidence", including, *inter alia:*

"(1) Financial resources of the parties seeking alimony including marital property apportioned to him or her, and his or her ability to meet his or her needs independently, including the extent to which a provision for support of a child living with such party includes a sum for that party as custodian;

\* \* \* \* \* \*

(3) Standard of living established during the marriage;

(4) Duration of the marriage;

(5) Age, and the physical and emotional condition of the party seeking alimony;

(6) Ability of the other party to meet his or her needs while meeting those of the party seeking alimony. . . . "

The decision reveals that the Trial Court expressly considered the following facts in accordance with § 1512(c): that the parties were married for almost 30 years [§ 1512(c)(4)]; that husband, 56, and wife, 53, were both in good health [§ 1512(c)(5)]; that while the parties had lived well during the marriage, their standard of living had been substantially reduced in the years prior to their separation [§ 1512(c)(3)]; that the parties could not expect to maintain after divorce the same standard of living to which they were accustomed during marriage [§ 1512(c)(6)]; that wife was in a position to meet her current expenses without husband's assistance [§ 1512(c)(1)]; that wife was in possession of substantial investment securities [§ 1512(c)(1)]; and that husband had substantial support and education obligations on his net income [§ 1512(c)(6)].

Family Court thereby complied with § 1512 in its determination of wife's alimony award; and the Court's exercise of its

discretionary power will not be disturbed upon appeal. *R.E.T. v. A.L.T., supra; G.S.G. v. P.S.G.,* Del.Supr., 412 A.2d 319 (1980).

With respect to the marital property division, under 13 *Del.C.* § 1513, Family Court is also vested with broad discretion in dividing marital property after divorce. *Husband R.T.G. v. Wife G.K.G.,* Del.Supr., 410 A.2d 155 (1979); *R.E.T. v. A.L.T., supra.* We find no abuse of discretion in the Court's decision to award wife a 50 percent interest, on a "when, as and if" basis, in any proceeds received by husband from his membership in the Lenape Game Preserve and Breeding Association (Association).

We also find that the Court did not commit legal error in failing: (a) to place a present value on husband's membership interest in the Association; or (b) to order husband to make a present cash payment to wife of a fraction of the value of his interest.

Wife produced no competent evidence as to the present value of a membership interest in the Association. While her expert did testify as to the value of the land held by the Association ($12,000,000), he did not attempt to place a value on husband's one-thirteenth interest therein. We cannot agree with wife's contention that a present value may be established by simply dividing the land value by the number of members in the Association. A proper valuation must reflect the numerous contingencies and restrictions on transfer imposed by the Association's by-laws. There was substantial competent evidence to support the Trial Court's conclusion that, despite the land's tremendous value, the membership held by husband has "little or no value."

Wife next asserts that the Court failed to protect the "potential future interest" that it did award her in the membership interest by refusing either to order an immediate transfer of the membership to joint names or to impose in her favor a lien on the assets. We hold that the Trial Court properly rejected both alternatives. The Association's charter and its by-laws specifi-

cally state that no "certificate may be assigned, sold or otherwise disposed of except by written consent of two-thirds (⅔) of the owners of all other certificates issued and outstanding...." Transfer of an interest in husband's certificate or imposition of a lien could not be mandated by a Family Court order without the approval of the Association members, none of whom were before the Court and, therefore, subject to its jurisdiction.

We find no merit in husband's assertion that the Trial Court was required, under the holding of *Husband R.T.G. v. Wife G.K.G., supra,* to award the entire membership interest to husband, as titleholder, due to wife's failure to prove the present value of that interest.

In *Husband R.T.G. v. Wife G.K.G., supra,* this Court did state that in determining the value of marital property:

"... the Court shall apply the burden of proof test generally applicable in civil proceedings; this is to say that the party making the 'request' has the burden of proving by a preponderance of the evidence the value which he claims should be assigned to him. Cf. 29 Am.Jur.2d Evidence §§ 127, 1163." *Id.* at 159.

We also suggested that "title to property shall govern its disposition if the party making the request does not meet the requisite burden of proof." *Id.* at 159. But failure of a former spouse to sustain the burden of proving the value of marital property does not cause her to forfeit all interest in that property to a spouse holding record title.

Each of the above-quoted authorities addresses a separate burden of proof borne by the spouse seeking division of a specific asset. The applicant spouse must first prove, by a preponderance of the evidence, that the asset in question is marital property. Then she must prove, again by a preponderance of the evidence, that the marital property has "the value which [she] claims should be assigned to [her]." *Id.* at 159. It is only when the applicant spouse fails to meet the first burden of proof that

"title to property shall govern its disposition." *Id.* at 159.

Here, Family Court noted that husband "received as a bequest from his father and listed as having no value [a membership in a hunting preserve], [while wife] maintains that this asset has a value of $925,000. *This bequest is also marital property."* (emphasis added). Since it was established that the Association membership was marital property, title did not govern its disposition. Thus, the question was not whether wife was entitled to any interest in the membership, but only what the nature of her interest would be. As stated above, wife failed to meet her burden of proof as to the present cash value of the membership, therefore there was no error.

On the final issue of award of attorneys fees and costs, the Divorce and Annulment Act vests the trial judge with broad discretion in assessing such fees and costs against the parties. 13 *Del.C.* § 1515. In making its award, the Court clearly considered the financial resources of both parties, as required by § 1515. We find no abuse of discretion in the Trial Court's refusal to award wife attorneys fees and costs. *See, Husband B.W.D. v. Wife B.A.D.,* Del.Supr., 405 A.2d 123 (1979); *G.S.G. v. P.S.G., supra.*

\* \* \*

Affirmed.