Sandra M. CALDWELL,* Petitioner,

v.

William J. CALDWELL,* Respondent.

Family Court of Delaware,
New Castle County.

Submitted: Jan. 27, 1983.

Decided: Feb. 14, 1983.

Joseph W. Benson, Wilmington, for petitioner.

John G. Mulford, Wilmington, for respondent.

GALLAGHER, Judge.

Petitioner has moved the court for an award of alimony under 13 *Del.C.* § 1512(a)(3).[1] The motion is denied.

Petitioner has lived with a male friend since December, 1981. She claims that the living arrangement is confined to sharing the house and household expenses. Petitioner is not married to her friend and she says there is no expectation of marriage although they have talked about marriage. No evidence was introduced that the parties engage in sexual relations with each other or share the same bedroom. However, the court cannot overlook the fact that when petitioner was admitted to the hospital for a fairly serious and expensive illness she represented herself to be the wife of this gentleman apparently receiving, as a consequence of that representation, medical care for which she otherwise would have had to pay. Respondent discontinued paying support for petitioner on January 15, 1983, because of petitioner's living arrangements.

■ I have concluded that petitioner is cohabiting with her male friend and is not entitled to receive an award of alimony now or during the continuation of that relationship. I hold as a matter of law that during cohabitation there is a conclusive presumption that the alimony claimant is not dependent on the former spouse for support.

"Cohabitation" was defined in *Quisenberry v. Quisenberry*, Del.Fam., 449 A.2d 274, 276 (1982) as follows:

* A fictitious name utilized to protect the anonymity of the parties. This is a portion of an opinion respecting claims for ancillary relief.

1. "The Court may grant alimony for a dependent ... petitioner, or for a respondent ... not to continue for more than 2 years after marriage dissolution unless the parties were married for more than 20 years."

"... I define 'cohabitation' as a relationship existing when two persons of the opposite sex live together, with some degree of continuity as though they were husband and wife. Usually, the arrangement is ostensible, the parties engage in sexual relations with each other and financial benefit arises from the relationship; but the cohabitation can exist without any of these three facts being present. See, Black's Law Dictionary 236 (5th edition 1979)."

\* \* \* \* \* \*

"Persons contemplating cohabitation should be encouraged by the law and public policy to embrace the married state in order to derive the benefits and be subject to the obligations of that state. An adult receiving alimony is presumed to be capable of making a free choice: He or she can choose to avoid those circumstances (other than death) that will result in suspension or termination of alimony... In short, the person paying alimony should not be obliged to underwrite a cohabitation relationship where he has contracted against doing so."

▪ I am fully aware of the decision by our Supreme Court in *Husband B.W.D. v. Wife B.A.D.*, Del.Supr., 436 A.2d 1263 (1981). In that case, an *evenly divided* Supreme Court affirmed a holding by this court that cohabitation with a person of the opposite sex is not in and of itself grounds to *terminate* an award of alimony, but may constitute a substantial change of circumstances affecting alimony under 13 *Del.C.* § 1519(a)(4).[2] The holding is distinguishable because the issue before the Supreme Court was the effect of cohabitation on an *existing* alimony order, not whether alimony should be ordered where cohabitation already exists.

So far as I know, the question that I here determine is a matter of first impression. Justice Quillen pointed out in *Husband*

*B.W.D. v. Wife B.A.D., supra,* that the trial judge was not aware of the living arrangements when alimony was originally awarded. In this case, at the very outset, I am made aware of a cohabitation arrangement, presenting a different question from that that was before this court or the Supreme Court in *Husband B.W.D. v. Wife B.A.D., supra.*

In *Husband B.W.D. v. Wife B.A.D., supra,* Justices Duffy and Horsey, in holding that alimony should be suspended while cohabitation continues, stated: (436 A.2d at 1266, 1267)

"This Court has held that under the governing Statute the Family Court has broad powers in determining to what extent alimony is to be awarded. See, for example, *R.E.T. v. A.L.T.,* Del.Supr., 410 A.2d 166 (1979). Plainly, those powers and the judicial discretion which goes with them are equitable in nature. Compare the statutory support provisions directing the Family Court to consider the 'general equities inherent in the situation', 13 *Del.C.* § 514(3), and authorizing that Court to '[e]nter such—orders as the Court of Chancery heretofore possessed the power to enter.' 13 *Del.C.* § 513(6). And under long settled principles a court of equity looks to the substance of matters, not the form thereof. 27 Am.Jur.2d *Equity* § 127, 2 Pomeroy's Equity Jurisprudence § 378 (5 ed.)"

"It is apparent that the relationship, shown so positively in this case, is, in all respects a de facto marriage which needs only a ceremony to bring it under § 1519(b)—and an end to the respondent's alimony. But, under the Family Court's ruling, as long as the ceremony is avoided, the respondent has all the benefits of cohabitation (in the de facto marriage) while she continues to enjoy the alimony provided by her first husband. That seems to us to be a fraud on the

---

**2.** According to my understanding, the above decision by our Supreme Court, although clearly entitled to respectful and careful consideration by this court, is not entitled to *stare decisis*

status since the affirmance was by an equally divided court. *See,* 21 C.J.S., *Courts* § 189(c), p. 307 and 20 Am.Jur.2d *Courts* § 195, p. 531 (1965).

Statute which terminates alimony upon remarriage and, clearly, it is unfair to the former spouse who is being required to by Court to help underwrite the new relationship."

My conclusion that I have the power to deny an award of alimony while cohabitation continues is strengthened by the permissive language of the Statute. Note that under 13 *Del.C.* § 1512 the court "may grant alimony". Thus, even if the statutory standards are met the court, in its reasonable discretion, need not award alimony at all.

Remarriage by a once-dependent former spouse operates as an absolute bar to alimony, regardless of any continuing need for support from the former spouse. 13 *Del.C.* § 1519(b). It would certainly be difficult, if not impossible, and hardly in accord with public policy, for the court to award alimony to a cohabiting divorced spouse measured by the difference between the financial needs of such spouse less the financial benefit derived from the cohabitation. Alimony should be denied without regard to the degree of cohabitation or dependency.

In *J.H. v. H.H.*, Del.Fam., File No. B–4272, September 6, 1978, this court held that the wife was not entitled to separate maintenance when she moved from the marital domicile without just cause even though the move was countenanced by the husband.

It has been held that if a wife is cohabiting with another man during the marriage she would not be entitled to support. *See,* 42 C.J.S., *Husband and Wife,* § 612(b) p. 208 (1944); 41 Am.Jur.2d, *Husband and Wife,* § 393, p. 330 (1968); and *Annot.,* 10 A.L.R.2d 498 § 12 (1950); and compare *Wood v. Wood,* Del.Ch., 168 A.2d 102 (1961), where it was held that a wife guilty of wilfull desertion was not entitled to separate maintenance.

█ It would be an anomoly to allow a divorced woman to receive alimony under circumstances which would have denied her support as a wife unless such a conclusion were compelled by the statute. I do, of course, recognize that in awarding alimony I must not give regard to marital misconduct. 13 *Del.C.* § 1512(c). I believe, however, that in recognizing the character of a living arrangement which amounts to cohabitation I am not giving regard to fault. Instead, as do Justices Duffy and Horsey, I am giving regard to a relationship which is, in all respects, a *de facto* marriage.

For the above reasons I now deny an alimony award to petitioner although I will not order any refund of alimony heretofore paid. Petitioner is free to move for an alimony allowance hereafter while her entitlement continues provided cohabitation no longer continues.

IT IS SO ORDERED.