ANN MARIE H., Petitioner
Below, Appellant,

v.

JOSEPH J.H., Respondent Below,
Appellee.

Supreme Court of Delaware.

Submitted: Nov. 8, 1982.
Decided: Feb. 21, 1983.

Michael F. McGroerty (argued), of Davis & McGroerty, P.A., Georgetown, for petitioner below, appellant.

Rodney Don Sweet (argued), Seaford, for respondent below, appellee.

Before HERRMANN, C.J., HORSEY and MOORE, JJ.

HORSEY, Justice:

This is an appeal from ancillary rulings of Family Court following the parties' divorce. Petitioner-wife raises two issues: one relates to the adequacy of the Court's alimony award to wife of $100 a week; the other, to the Court's refusal to award wife attorney's fees.

The parties, 47 years old, were divorced after a marriage of 25 years and 6 children, the youngest, nearly 18 at time of hearing.

. Wife has a high school education. In the mid-fifties, before marriage, she had some clerk typist experience; and in the mid-sixties, while living in upper New York state, she worked as a "cable plugger", a job requiring manual dexterity. At time of separation the parties were living in Sea-

ford, Delaware, with husband working at NCR in Millsboro. At time of hearing, wife was working as a cook in a fast food restaurant earning $3.60 per hour and $6,500 per year, averaging 34 hours per week. Her monthly take-home pay was $428. Wife has a partially deformed hand (severed tendons of one or two fingers) from an injury some years ago. The parties agree this precludes wife from becoming a skilled typist but disagree as to her ability to return to cable connector work, assuming its availability.

Husband completed his college education after marriage and a term of service in the U.S. Army. Holding a degree in electrical engineering, husband was employed at NCR in Millsboro and is now employed by RCA in Morristown, New Jersey with a yearly income of $36,000 from which he nets $1,685 per month.

Given the length of marriage, the disparity in incomes and the paucity of marital property,[1] the Court concluded (with apparent reluctance) that it could not "deny" wife alimony; but then limited it to $100 per week, reviewable in one year. Stating the issue to be "whether Ann cannot do better", the Court found wife not to have "adequately sought more remunerative employment" and concluded that wife was "vegetating at the partial hours, low pay Gino's. (in preparation for this litigation?)."

■ The Court's alimony award was not the product of a logical and deductive reasoning process and was based upon a series of mistaken facts and assumptions not supported by the record. *Levitt v. Bouvier*, Del.Supr., 287 A.2d 671 (1972); *Husband M. v. Wife D.*, Del.Supr., 399 A.2d 847 (1979).

There is no record evidence to support the Court's findings: that more remunerative employment openings were available in the Seaford area for which wife was qualified at substantially higher salary or hourly rates than wife's present employment; that employment was available in lower Delaware for transistor cable assemblers (assuming wife was capable of performing such work); that the pay rate for such employment was $11.60 per hour; and that wife was "vegetating"[2] at her job in the fast food restaurant.

■ While the Court correctly stated the burden to be on wife to prove her dependency and her inability to support herself through appropriate employment under 13 *Del.C.* § 1512(b), on the record before us, wife was not required to disprove the Court's hunch that wife was shirking more remunerative work to obtain a greater award. The burden of proof of such facts (if provable) lay with husband. For wife also testified that she *had* attempted, without success, to find "better employment" and was told that "her skills were out of date."

The Court also misstates the facts: in referring to husband's 1981 earnings as $32,089 when they were not less than $36,318 for the entire year; in giving husband credit for having paid off wife's car loan; and in referring to wife's having received $1,300 from the close out of a savings account. The cumulative effect of these misstatements is difficult to gauge but clearly undercuts the credibility of the Court's alimony ruling.

■ We also find the Court's alimony order to be arbitrary in amount and in time in that it fails to disclose the Court's due consideration of all relevant statutory factors as required by and set forth in 13 *Del.C.* § 1512(c). We refer in particular to the apparent lack of consideration of the length of the marriage, the disparity in income and the lack of financial resources

---

1. The parties' marital property was valued at less than $10,000, nearly all of which was tangible, and most of which was awarded to wife.

2. "Vegetating" is presumably used in the dictionary sense of "lead[ing] a monotonous, passive, or merely physical existence." *American Heritage Dictionary* (1980 Ed.). The term appears inappropriate as applied to a short order cook in a fast food restaurant.

 

of wife. Additionally, we note no consideration having been given to the income tax consequences of an award (though raised by wife) or to wife's claim of entitlement to an equalization of income based on a partnership concept of marriage. *R.E.T. v. A.L.T.,* Del.Supr., 410 A.2d 166 (1979); *Cathleen C.Q. v. Norman J.Q.,* Del.Supr., 452 A.2d 951 (1982).

▮ The Court's summary denial of wife's application for attorney's fees under 13 *Del.C.* § 1515 without reasons given or being apparent from the record requires reversal as a clear violation of settled Delaware law. *Husband B.W.D. v. Wife B.A.D.,* Del.Supr., 405 A.2d 123 (1979).

Finally, we regret that we find it necessary to call to the Trial Judge's attention his injudicious comments made in connection with the division of marital property. We refer to the following statements:

The parties think the Court is capable by the application of 13 Del.C. 1513 in choosing wisely who should have the "small lamp" and who should have the "vacuum cleaner." The Supreme Court has ordered this Court to explicitly give its reasons for the award of the "Bingo table."

Joe alleges the personalty is worth $9,630.00 while Ann refrains from a total value.

All the personalty except that recited on the bottom of page 8 of the Joint Asset Report is awarded to Ann. (The bottom of page 10 of the Joint Asset Report excepting the sewing machine is awarded to the husband). The reason for this award is not contained in 13 Del.C. 1513(a)(1) through (11). It is awarded as I don't know what Ann wants with the 16 gauge shotgun and I don't know what Joe wants with the IGE Color Television (broken), but in deference to the Supreme Court 13 Del.C. 1513(5) and (7) would certainly cover an award of maybe $5,000.00 of used personalty to the wife after six children and 25 years.

We find such statements to be impertinent. See also the Code of Judicial Conduct, Canon No. 3, Commentary.

Reversed and remanded for new trial as to alimony and reconsideration of award of attorney's fees under 13 *Del.C.* § 1515. Under the circumstances, the Chief Judge will direct reassignment of this case on the remand.