Delores SPROUSE, Respondent
Below, Appellant,

v.

Alfred P. SPROUSE, Petitioner
Below, Appellee.

Supreme Court of Delaware.

Submitted: Jan. 30, 1984.

Decided: April 23, 1984.

Stephen W. Spence, of Castle & Spence, Wilmington, for respondent below, appellant.

Lee C. Goldstein, of Balick & Yucht, Wilmington, for petitioner below, appellee.

Before HERRMANN, C.J., and MOORE and CHRISTIE, JJ.

CHRISTIE, Justice:

This consolidated appeal from orders of the Family Court requires this Court to determine whether a divorce decree which was challenged on appeal and finally affirmed in this Court was final when the divorce decree was originally entered in Family Court or became final only when the divorce decree was affirmed in the Supreme Court. This is a matter of first impression in Delaware.

The long history of this case began in December of 1978 when the appellant-wife sought support payments from appellee-husband on an emergency basis in the Family Court pursuant to 13 *Del.C.* § 502.[1] An abbreviated hearing was held which the husband did not attend. By order dated December 7, 1978, Family Court ruled that on an interim basis the husband must pay his wife support of $600.00 per month. The husband was also required to make other payments so as to (a) pay up and continue to pay the mortgage installments as they came due on the marital residence, (b) reinstate his wife on his Blue Cross coverage, and (c) assume responsibility for any of her medical bills which were not covered by Blue Cross. Thereafter, the other payments were ordered and the interim order was modified from time to time.

On March 25, 1980, a definitive hearing was held on the issue of whether the court should further modify its prior orders. After the court considered all the evidence, including testimony as to the husband's financial situation, it ordered that the husband continue to pay under the provisions of its prior order for just six more weeks. After that, the husband's support duties were to be reduced to responsibility for the mortgage payments and for all medical bills over and above the medical insurance (which he was to continue to maintain for his wife).

While this litigation was in progress, the wife sought employment, but she claimed that she had been unable to find a job.

On August 1, 1980 a further court hearing was held because both parties had filed petitions to modify the existing support orders, and on November 19, 1980, still another hearing was held on the issue of appellant's ability to work. Medical and psychiatric experts testified, as did an employment expert. Further evidence was to be submitted by deposition on the issue of whether appellant was mentally ill and therefore unable to work.

On April 6, 1981 Family Court issued another order in which it announced a finding that the wife was capable of working and would be better off emotionally and physically if she were to go to work. The

---

**1.** 13 *Del.C.* § 502. *Duty to support spouse.*
The duty to support a spouse rests upon the other spouse.

resolution of the issue of the wife's ability to get employment was deemed to terminate the case. The order provided that effective April 6, 1981, the husband was no longer responsible for any direct payments for the support of his wife, but the court left open the question of whether the husband must continue to pay the mortgage installments and his wife's medical expenses.

The decision of Family Court dated April 6, 1981 was appealed to this Court by the wife, and by order dated June 18, 1982 this Court reversed the Family Court and remanded the case to the Family Court for a further hearing and a more complete statement of the trial court's findings of fact and conclusions of law.

Upon request of counsel, the Family Court agreed that the Supreme Court's instructions for a further hearing would be carried out through consideration of additional evidence contained in pleadings and affidavits of the parties rather than by a further hearing in open court. By order dated December 2, 1982, the Family Court reaffirmed its prior decision which had suspended direct support payments. However, the husband was required to continue indirect support payments by paying the full monthly mortgage installments and he remained responsible for all medical expenses not covered by existing medical insurance coverage.

The wife then filed a second appeal to the Supreme Court, and that appeal is one of those which forms the consolidated appeal presently before the Court.

After the appeal had been filed, Family Court continued to handle other ancillary matters in the continuing battle between the parties. By order dated June 28, 1983, Family Court ruled as a matter of law that the parties' divorce decree had become final on the date it was originally entered by the trial court (June 26, 1981) and not upon the date that the order granting the divorce was affirmed by the Supreme Court.[2] This decision had the effect of terminating all the husband's support obligations as of June 26, 1981. The wife's attempts to get payments for the period after June 26 give rise to this consolidated appeal. The wife contends that the divorce was not final until June 17, 1982 when the Family Court order granting the divorce was affirmed by the Supreme Court. If the wife is correct, the husband had support obligations which continued during the period when the divorce appeal was pending.

For the reasons stated below, we find that a divorce decree challenged on its merits (or on jurisdictional grounds) on appeal is not final until the decree is affirmed by the Supreme Court.

The Family Court held that a divorce which has been affirmed on appeal is to be regarded as having been final on the date the divorce was originally granted by the Family Court. In its opinion, the court stated that 13 *Del. C.* § 1518(a) ...

[I]s silent on the finality of a divorce when the divorce decree itself has been appealed and affirmed. The section should be liberally construed and applied to promote the underlying purposes of 13 *Del. C.* § 1502, the Delaware Divorce and Annulment Act. Among the stated purposes of § 1502 are: "[ (1) ] To promote the amicable settlement of disputes that have arisen between parties to a marriage; [ (2) ] To mitigate the potential harm to spouses and their children caused by the process of a legal dissolution of marriage ..." 13 *Del. C.* § 1502(1), (2). The Court's resolution of the present issues should conform to the Act's expressed purposes.

In this case, the Family Court had ruled that the husband's obligations as to support terminated on June 26, 1981, the date the Family Court originally granted the

---

**2.** The grant of a divorce to the parties was handled in a separate appeal to the Supreme Court. The divorce decree had been challenged on its merits.

An appeal was also taken from the ancillary order of Family Court dated June 28, 1983 and that appeal forms a part of this consolidated appeal.

divorce and the date it designated as the date on which the divorce decree became final pursuant to 13 *Del.C.* § 1518(a).

However, the language of § 1518(a) states:.

(a) A decree granting ... a petition for divorce ... is final when entered, *subject to the right of appeal.* An appeal that does not challenge the decree of divorce ... but *challenges only rulings with respect to relief awarded under other sections of this chapter, or other matters incidental or collateral to such decree, shall not delay the finality of the decree of divorce* ... and the parties may remarry while the appeal is pending. 13 *Del.C.* § 1518(a) (Emphasis added.)

■ We find that the language of the statute deals by clear implication with the issue here in question, and that it should not be regarded as being "silent on the finality of a divorce when the divorce decree itself has been appealed and affirmed." The language of the statute provides that where those parts of a divorce decree dealing only with ancillary matters are appealed to the Supreme Court, such appeal does not delay the finality of the initial divorce decree. The clear inference, therefore, is that when the divorce decree itself is appealed, (e.g., on jurisdictional grounds or because of a challenged finding of incompatability, etc.), it is not final until it is affirmed by the Supreme Court.

The holding in *Michael J.F. v. Carmela L.F.,* Del.Supr., 437 A.2d 579 (1981) (cited by both the Family Court and husband) is not inconsistent with our interpretation of § 1518(a). In that case, the Family Court granted alimony commencing on the date of the entry of a decree of the divorce in Family Court and terminating two years thereafter.[3] The main issue was a determination of whether the two-year period began to run (1) when the final decree of

divorce was entered by the Family Court, or (2) when subsequent rulings made as to other ancillary issues became final after appeal to the Supreme Court. We held that, under those circumstances, the specific language of § 1518(a) dictated the ruling that the unchallenged divorce decree was final when issued. Thus, the two-year alimony period began to run as soon as the decree was entered and eligibility for alimony was not delayed pending a ruling of this Court on other purely ancillary matters. That case dealt solely with the question of whether alimony must be paid pending the resolution on appeal of other ancillary matters. There had been no appeal challenging the decree of divorce itself.

In the case at bar, there was an appeal from the basic order of the Family Court dated June 26, 1981 granting appellee's petition for divorce. The order was challenged on jurisdictional grounds and there was a contention that the evidence did not support the findings of fact. Where an appeal has been taken to challenge the merits of the divorce decree itself, the case is not in the same category as those cases where the appeals challenge only ancillary rulings.

■ The language of the statute specifically indicates that the parties may remarry, pending an appeal when the appeal concerns only ancillary matters. This implies that the parties are still "married" during any appeal which challenges the issuance of the divorce decree itself, and are free to remarry only if and when the Supreme Court affirms the Family Court's divorce decree.

■ We think the statute was designed to provide that one who is still married in the eyes of the law and cannot remarry because his divorce decree is subject to

---

**3.** Under the statute cited in that case, 13 *Del.C.* § 1512(a)(3), "regular" alimony is limited to two years. Thus, the commencement date of such payments becomes important because on that date other payments such as "temporary alimony" or support payments are likely to cease.

Most regular alimony awards in Delaware are limited to two years, whereas support payments and temporary alimony payments are apt to be more flexible in duration. Therefore, the date that alimony begins may have a definite effect on the total payments a spouse receives.

possible reversal on appeal must also continue to bear the financial responsibilities which accompany his still married status.

■ The appellee contends, and the Family Court seems to have said, that an interpretation of § 1518(a) such as the one we now adopt would not establish a uniform and logical finality for litigants, and that such a ruling will tend to promote unwarranted delays by encouraging meritless appeals designed only to prolong the period during which support must be paid and to postpone the date when the limited period of alimony replaces the other forms of payment. We do not find these arguments to be persuasive since we must interpret the statute as it is written rather than fashion a new statute by interpretation. Moreover, we believe our holding is consistent with the express objectives of the Delaware Divorce and Annulment Act.[4]

If there is some evidence of a truly meritless appeal taken solely to prolong support or temporary alimony payments, appropriate remedies exist under Rules 20(f), 25, 29, 33 and 102(b).

In view of our conclusion that a divorce decree appealed on its merits (and not solely upon rulings in ancillary matters) does not become final until it is affirmed, we find that the Family Court erred in terminating support payments for the wife as of the date of the issuance of the divorce decree in Family Court. Instead, the husband must be held to be bound by the then current support order during the pendency of the divorce appeal (that is, until June 17, 1982, the date this Court affirmed the divorce decree).

Other ancillary issues were also raised by the wife in this appeal.

■ We find that the Family Court did not err in finding that the wife was able to work and that she had an earning capacity of $600.00 per month. The finding of the trial court is supported by the testimony of an employment expert who said, in effect, that if appellant were healthy he would have been able to send her out on several job interviews where there were specific openings for persons with her qualifications and work background. These jobs carried with them salaries ranging from $160.00 to $200.00 per week. It was not unreasonable for the trial court to infer that she would have been able to gain employment as a result of such interviews. The trial court's findings are also supported by evidence in regard to her last employment.

■ Although an evidentiary hearing is usually the best way to handle conflicting testimony, and this Court assumed in its prior order that such a hearing would take place, the Family Court did not abuse its discretion or depart in a material way from the instructions contained in the order of this Court dated June 18, 1982, when it permitted the parties to supplement the record through pleadings and affidavits and did not conduct an additional evidentiary hearing. The Family Court had already conducted a number of hearings before the first appeal on ancillary rulings. It is apparent that, after the initial remand, the trial judge and counsel agreed that additional evidence would be submitted only

---

**4.** 13 *Del.C.* § 1502. *Purpose; construction.*

This chapter shall be liberally construed and applied to promote its underlying purposes, which are:

(1) To promote the amicable settlement of disputes that have arisen between parties to a marriage;

(2) To mitigate the potential harm to spouses and their children caused by the process of legal dissolution of marriage;

(3) To make the law of divorce more effective for dealing with the realities of matrimonial experience by making irretrievable break-

down of the marriage relationship the sole basis for divorce;

(4) To permit dissolution of a marriage where the marriage is irretrievably broken despite the objections of an unwilling spouse;

(5) To award alimony under this chapter to a dependent party but only during the continuance of such dependency;

(6) To award alimony in appropriate cases so as to encourage parties to become self-supporting;

(7) [Repealed].

through pleadings and affidavits. Each party was permitted to present any relevant evidence and to respond to evidence presented by the opposing party. Appellant did not contend that an evidentiary hearing should be scheduled during the submission period, and she did not raise the issue in her motion for reargument in Family Court. Under the circumstances, the failure to hold an evidentiary hearing was not error.

\* \* \*

To sum up, we reverse the Family Court as to the date the divorce became final and hold that pursuant to our construction of 13 *Del.C.* § 1518(a) a divorce decree appealed upon its merits does not become final until the Supreme Court rules on the appeal. The case must be remanded for a new ancillary order as to support payments which is consistent with this holding. The other arguments raised by appellant are found to be without merit, and the other rulings of the Family Court are affirmed.

\* \* \*

REVERSED in part and AFFIRMED in part and remanded.