Louis A. MEMMOLO, Respondent
Below, Appellant,

v.

Helen V. MEMMOLO, Petitioner
Below, Appellee.

Supreme Court of Delaware.

Submitted: June 11, 1990.
Decided: July 3, 1990.

William S. Hudson of Hudson, Jones, Jaywork, Williams & Liguori, Dover, for appellant.

Stephan Holfeld of Doroshow, Pasquale & Linarducci, Dover, for appellee.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

On April 10, 1990, the respondent-appellant, Louis A. Memmolo ("Husband"), filed a notice of appeal in which he sought review of a Family Court order dated March 22, 1990. The petitioner-appellee, Helen V. Memmolo ("Wife"), has filed a motion to dismiss the appeal on the grounds that it seeks review of an interlocutory order, but fails to comply with the requirements of Supreme Court Rule 42. We have concluded that the Wife's motion is meritorious.

The parties were married on July 4, 1957. The Wife filed for a divorce in October, 1987. The Husband did not contest the merits of the divorce petition. On March 2, 1989, the divorce decree was entered and has become final. 13 *Del.C.* § 1518(a). The Family Court retained jurisdiction to decide the parties' request for ancillary relief, in the form of an equitable division of their marital property. 13 *Del.C.* § 1513. *See Sprouse v. Sprouse*, Del.Supr., 476 A.2d 1096, 1099 (1984); *Michael J.F. v. Carmela L.F.*, Del.Supr., 437 A.2d 579 (1981).

Delaware law provides that " 'marital property' means all property acquired by either party subsequent to the marriage

except ... [p]roperty excluded by valid agreement of the parties." 13 *Del.C.* § 1513(b)(3). Pensions which accrue during a marriage, whether or not they are vested at the time of divorce, are normally considered to be marital property. *Donald R.R. v. Barbara S.R.,* Del.Supr., 454 A.2d 1295, 1296 (1982); *Robert C.S. v. Barbara J.S.,* Del.Supr., 434 A.2d 383, 387 (1981). *See Gregg v. Gregg,* Del.Supr., 510 A.2d 474, 480 (1986); *Smith v. Smith,* Del.Fam. Ct., 458 A.2d 711 (1983). As part of the ancillary proceeding to divide the parties' marital property, the Wife filed a motion to rescind an agreement dated March 8, 1988 ("the Agreement"). Pursuant to that Agreement, the Wife had waived any claim to the Husband's military pension.

In the order of March 22, 1990, which is the subject of this appeal, the Family Court invalidated the Agreement, for lack of consideration, and granted the Wife's motion. The Wife argues that the March 22, 1990 order is interlocutory in nature, since it does not finally determine and terminate all the issues before the Family Court, with regard to the disposition of marital property ancillary to a divorce under 13 *Del.C.* § 1513. The Husband asserts that the Family Court's decision of March 22, 1990 constitutes a final order. In reviewing the contentions of the parties, we are called upon to examine a procedural paradigm which expressly recognizes the severability, for the purpose of appeal, of a final divorce decree and a final order in an ancillary proceeding.

■ "The right of a party to petition for ancillary relief, is not an assertion of a separate cause of action, 'but is a prayer that the [Family] [C]ourt, in its discretion, exercise one of its incidental powers possessed solely by reason of its jurisdiction over the matrimonial cause.' "[1] *Villarroel v. Villarroel,* Del.Supr., 562 A.2d 1180, 1183 (1989) (quoting *Gilbert v. Gilbert,* Del.Supr., 185 A.2d 73, 75 (1962)). Never-

theless, for purposes of appeal, the final order granting a divorce decree and a final order regarding ancillary relief are severable. The language of Section 1518(a) states:

(a) A decree granting ... a petition for divorce ... is final when entered, subject to the right of appeal. An appeal that does not challenge the decree of divorce ... but challenges only rulings with respect to relief awarded under other sections of this chapter, or other matters incidental or collateral to such decree, shall not delay the finality of the decree of divorce ... and the parties may remarry while the appeal is pending.

13 *Del.C.* § 1518(a).

■ When the Family Court retains jurisdiction to consider requests for ancillary relief, following the entry of a divorce decree, each final ruling on a request for a specific type of ancillary relief is directly and separately appealable to this Court. *See, e.g., Ann Marie H. v. Joseph J.H.,* Del.Supr., 456 A.2d 1233 (1983) (alimony and attorneys fees) *and Jerry L.C. v. Lucille H.C.,* Del.Supr., 448 A.2d 223 (1982) (division of marital property). However, all rulings that are made within the context of a particular ancillary proceeding are not necessarily final, and, therefore, appealable as a matter of right. An appeal from an interlocutory ruling, which is made within the course of deciding a particular request for ancillary relief, is subject to the requirements of Rule 42.

■ In this case, the effect of the Family Court's order was to subject the military pension to possible division as marital property. The Family Court has not yet decided whether, or to what extent, the Wife is entitled to the military pension as part of the equitable division of the parties' marital property. In fact, in its March 22, 1990 order, the Family Court directed the Wife, through her attorney, to submit evidence

---

1. The jurisdiction of the Family Court is defined by statute. Under the Delaware Divorce and Annulment Act, the Family Court has basic authority to dissolve marriages in actions for divorce or annulment. 13 *Del.C.* § 1504. Ancillary to that general power, it may divide marital

property, award alimony, and grant attorney's fees sought by the parties. 13 *Del.C.* §§ 1512, 1513 & 1515. Ancillary relief may be invoked by the petition for divorce, the response thereto, or by motion prior to entry or denial of divorce. 13 *Del.C.* § 1518(c).

which would allow it to make that determination. Thus, the order of the Family Court is interlocutory, not final, within the context of a petition for specific ancillary relief, i.e., an equitable division of marital property, as a whole, under 13 *Del. C.* § 1513.

The Husband was obligated to comply with the requirements of Supreme Court Rule 42(d), as a condition precedent to having the Family Court's preliminary order regarding the military pension considered for review by this Court. The Husband acknowledges that he has failed to comply with the provisions of Rule 42. The Wife's motion is granted. This appeal is DISMISSED.