T.C. Summary Opinion 2008-102

UNITED STATES TAX COURT

MARK A. CROMPTON AND DIANE J. CROMPTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1838-07S.                    Filed August 13, 2008.

Mark A. Crompton and Diane J. Crompton, pro sese.

<u>Monica J. Miller</u>, and Kevin Parrington, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $1,500 deficiency in petitioners' 2004 Federal income tax. The issue for decision is whether petitioners are entitled to claim a $6,000 deduction for alimony paid to Nancy Wood (former wife).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When petitioners filed their petition, they resided in Georgia.

On November 7, 1996, Mark A. Crompton (Mr. Crompton) was divorced from former wife by a final decree of the Family Court of Delaware (family court). A "Stipulation and Order Resolving Ancillary Matters Pursuant to a Decree of Divorce" (the order) was entered on January 13, 1997. The order directed Mr. Crompton to pay alimony of $500 per month for a 10-year period beginning November 15, 1996. The order does not contain a provision regarding the effect of remarriage on Mr. Crompton's obligation to pay alimony.

In 2003 former wife remarried. Former wife did not inform Mr. Crompton of her subsequent marriage, and he was otherwise not informed that she had remarried. During 2004 Mr. Crompton continued to make monthly payments of $500 to former wife.

Former wife did not include the payments in gross income on her joint return for 2004.  Petitioners filed a joint return for 2004 and claimed a $6,000 deduction for alimony paid.

## Discussion

### I.  Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden to prove that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  But the burden of proof on factual issues that affect a taxpayer's tax liability may be shifted to the Commissioner if he introduces credible evidence with respect to the issue.  See sec. 7491(a)(1).  There is no dispute as to any factual issue.  Accordingly, this case is decided by the application of law to the undisputed facts, and section 7491(a) is inapplicable.

### II.  Alimony Deduction

Section 215(a) allows a deduction for alimony paid during the taxable year.  Section 215(b) provides that the term "alimony" means any alimony (as defined in section 71(b)) that is includable in the recipient's gross income under section 71. Section 71(b)(1) defines alimony as any cash payment meeting the four criteria provided in subparagraphs (A) through (D).  The first criterion is that the payment must be made "under a" divorce or separation instrument.  Sec. 71(b)(1)(A).  The phrase

"divorce or separation instrument" includes a written instrument incident to a divorce decree.  Sec. 71(b)(2)(A).

The parties dispute the characterization of the $500 monthly payments.  Respondent, citing Del. Code Ann. tit. 13, sec. 1519(b) (1999 & Supp. 2008),[1] contends that the payments are not alimony:

> [B]ecause under Delaware state law, unless the divorce decree expressly states that the payments have to continue after remarriage, the obligation to make the payments ceases upon the remarriage of the recipient spouse.  Because of that, under the Internal Revenue Code, these payments were no longer required under a divorce or separation instrument, which is necessary to be qualified as alimony.

Mr. Crompton contends that because he did not know that former wife had remarried, "I continued to meet what I felt was my obligation for alimony, paying on a monthly basis * * * The divorce decree clearly stated that I needed to pay alimony for 10 years."  He also contends that former wife's cohabitation, remarriage, or death is merely a "statutory [factor] for termination".  Thus, petitioners are entitled to a deduction for alimony paid.

---

[1]Del. Code Ann. tit. 13, sec. 1519(b) (1999 & Supp. 2008) provides that the obligation to pay future alimony is terminated on the recipient's remarriage unless otherwise agreed by the parties in writing and expressly provided in the decree.  See also Caldwell v. Caldwell, 458 A.2d 709, 711 (Del. Fam. Ct. 1983) ("Remarriage by a once-dependent former spouse operates as an absolute bar to alimony, regardless of any continuing need for support").

Congress, in amending section 71, has determined that "a uniform Federal standard should be set forth to determine what constitutes alimony for Federal tax purposes." H. Rept. 432, 98th Cong., 2d Sess. 1495 (1984). This definition is predicated on an objective standard, and courts generally should not make subjective inquiries under the varying laws of the States. Hoover v. Commissioner, 102 F.3d 842, 845-846 (6th Cir. 1996), affg. T.C. Memo. 1995-183. It is Congress's intent that courts, in determining whether payments constitute alimony under section 71, will look to State law only to determine whether the requirement of section 71(b)(1)(D) is satisfied; i.e., whether State law provides that the payments terminate upon the payee's death. Id. (citing H. Rept. 432, supra at 1496).

If the Court were to accept respondent's argument, it would have to look first to Delaware law in order to determine whether the order was enforceable and thereby such payments were received "under a" divorce or separation instrument pursuant to State law. Such an inquiry impermissibly injects State law into section 71(b)(1)(A) through the back door. This the Court cannot do--it will follow Congress's intent. Under the order, Mr. Crompton was required to pay $500 per month for a 10-year period. The payments were received by former wife under a divorce or separation instrument consonant with section 71(b)(1)(A). Accordingly, respondent's determination is not sustained.

To reflect the foregoing,

<u>Decision will be entered for petitioners</u>.