HUSBAND M, Petitioner Below,
Appellant,

v.

WIFE D, Respondent Below, Appellee.

Supreme Court of Delaware.

Submitted Jan. 11, 1979.

Decided March 30, 1979.

Arlen B. Mekler, Wilmington, for petitioner-appellant.

Gerald Z. Berkowitz, of Knecht, Greenstein, Schagrin & Berkowitz, Wilmington, for respondent-appellee.

Before DUFFY, McNEILLY and QUILLEN, JJ.

QUILLEN, Justice:

Following the entry of a divorce decree, the Family Court held a hearing which included consideration of an application for division of property and an application for alimony. The Court's order as to these two items reads:

"1. The wife shall retain title to the family home. And, to all furniture and personal property which is now in her possession including the bedroom furniture and the wedding gifts.

"2. The husband shall pay Alimony to the wife in the amount of $50.00 per week for 40 weeks."

Counsel have not directed our attention to any other decisional comment by the Court. We therefore must assume that the bare order is the sole item that gives expression to the Family Court's opinion.

It is apparent that the Family Court gave no reasons for its decision contrary to the established law of this State. *Wife F. v. Husband F.*, Del.Supr., 358 A.2d 714, 716 (1976); *General Motors Corporation v. Cox,* Del.Supr., 304 A.2d 55, 57–58 (1973); *Ademski v. Ruth,* Del.Supr., 229 A.2d 837, 838 (1967); *Walsh v. Hotel Corporation of America,* Del.Supr., 231 A.2d 458, 460 (1967). It is an abuse of discretion not to supply reasons for a judicial decision. *Storey v. Camper,* Del.Supr. (1979).

We would not belabor the point were the present case an isolated one. But this Court and numerous appellate counsel have suffered a rash of such decisions without supporting reasons. This has been particularly true of orders providing for the disposition of marital property and has occurred notwithstanding the helpful list of many of the relevant factors expressly included in the statute, 13 *Del.C.* § 1513. The difficulty experienced with alimony orders has been less but the problem is essentially the same under 13 *Del.C.* § 1512 which also includes a helpful list of many of the relevant factors to be considered in an alimony order.

This Court basically has three options when faced with an order by a trial judge unsupported by reasons. First, it can affirm the decision as being within the fact finding or discretionary power of the trial judge, if, upon a reading of the record in relation to the order, the reasons appear obvious. Even in cases where this first option is followed, this Court has noted the trial judge should have given reasons. See *Wife W. v. Husband W.,* Del., 399 A.2d 534, No. 283, 1977 (1979).* Second, this Court on appeal can retain jurisdiction and remand the case in order to require that the trial judge state the reasons which support his decision. *Husband O. v. Wife O.,* Del., 397 A.2d 1379 (1979). Third, this Court can reverse and order a new trial. See *Husband H. v. Wife*

*H.,* No. 139, 1977, Del., 399 A.2d 533 (1979); *Wife F. v. Husband F.,* No. 117, 1977, Del., 399 A.2d 534 (1979). None of the three options are satisfactory and all could be avoided if the trial judge would simply state his reasons in the first instance. Then there would be no need to speculate on appeal.

We are mindful of the tremendous time burdens on our trial courts. But it is part of a trial judge's adjudicative responsibilities "to state the reasons for his action, no matter how briefly." *Ademski v. Ruth, supra.*** There is no problem in most appeals. Indeed, most trial judges are diligent in meeting their responsibility. All should be.

In the case presently before the Court, it would appear as to the alimony that the matter was sufficiently considered and no prejudicial factor would preclude the mere return of the record to the Trial Judge in order that he may state the reasons for his decision. As to the division of property, the matter may be more complex, at least theoretically, since it is claimed in part that an assignment was made of property not marital property. But it appears that the value of any such property in issue is small and the matter might be resolved one way or the other if the Trial Judge would favor us with the benefit of his reasons in making the award. Thus, at this stage at least, it seems best to direct a limited remand so that the reasons for the Trial Judge's decision may be added to the record.

One other question is raised by this appeal. The Court below made a $300.00 award "toward Attorney Fees and Expenses." No reason for the award was given. It appears from the appellant's brief that the wife qualified for representation by the Community Legal Aid Society and in fact was represented by that Society until she dismissed her assigned attorney and retained her current counsel. It is argued

---

* We take the liberty of citing unreported orders simply to illustrate the frequency of the problem in recent months.

** Compare Rule 52(a), Federal Rules of Civil Procedure, a much more burdensome procedural requirement.

that the hiring of private counsel demonstrated her ability to pay or, alternatively, that she had a duty to mitigate the expense by continuing the representation of the Community Legal Aid Society.

The statute, 13 *Del.C.* § 1515, expressly contemplates an award of attorney's fees and, it imposes no requirement to use available social service agencies. Moreover, the appellant's reply brief concedes a factual dispute and, given the small amount of the award, we affirm on this issue since the reason for the award appears obvious and within the power of the Trial Judge. Of course the reason should have been set forth. See *Husband H. v. Wife H., supra.*

Jurisdiction is retained. The record is remanded to the Family Court for the limited purpose of having the Trial Judge give the reasons for his decision with regard to the division of property and alimony. The record should be returned to this Court within thirty days of the date of this opinion.