GREGORY J. M., Petitioner
Below, Appellant,

v.

CAROLYN A. M., Respondent
Below, Appellee.

Supreme Court of Delaware.

Submitted Jan. 12, 1982.

Decided March 12, 1982.

John M. Willard (argued), of Levin, Spiller & Goldlust, Wilmington, for petitioner below, appellant.

Gregg E. Wilson (argued), Wilmington, for respondent below, appellee.

Before HERRMANN, C. J., DUFFY and HORSEY, JJ.

HERRMANN, Chief Justice:

In this appeal, the appellant Husband seeks reversal of a Family Court Order (1)

1. The award of alimony is governed by 13 Del.C. § 1512 which provides in pertinent part:
"§ 1512. Alimony in divorce and annulment actions; waiver or release.
"(a) The Court may grant alimony for a dependent party as follows:
\* \* \* \* \* \*
"(3) Alimony for a petitioner, or for a respondent \* \* \* commencing after the entry of a decree of divorce or annulment but not to continue for more than 2 years after marriage dissolution unless the parties were married for more than 20 years.
"(b) A party is dependent if the party or someone on behalf of the party shall aver in an affidavit of dependency filed in the action and shall prove by a preponderance of the evidence that such party:
"(1) Is dependent upon the other party for support and the other party is not contractually or otherwise obligated to provide that support after the entry of a decree of divorce or annulment;
"(2) Lacks sufficient property including any award of marital property, to provide for the party's reasonable needs; and
"(3) Is unable to support himself or herself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.
"(c) The alimony order shall be in such amounts and for such time, except as limited in time under subsection (a) of this section, as the Court shall deem just without regard to marital misconduct and after considering all relevant factors justified by the evidence, including:
"(1) Financial resources of the party seeking alimony including marital property apportioned to him or her, and his or her ability to meet his or her needs independently, including the extent to which a provision for support of a child living with such party includes a sum for that party as custodian;
"(2) Time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment;
"(3) Standard of living established during the marriage;
"(4) Duration of the marriage;
"(5) Age, and the physical and emotional condition of the party seeking alimony;

directing him to pay alimony [1] to the appellee Wife; and (2) divesting him of his interest in the marital domicile.[2]

I.

The parties were married in 1956; they separated in 1979; and the Husband's petition for divorce was granted in 1980.

"(6) Ability of the other party to meet his or her needs while meeting those of the party seeking alimony; and
"(7) Tax consequences. \* \* \*"

2. The distribution of marital property is governed by 13 Del.C. § 1513 which provides in pertinent part:
"§ 1513. Disposition of marital property; imposition of lien; insurance policies.
"(a) In a proceeding for divorce or annulment, the Court shall, upon request of either party, equitably divide, distribute and assign the marital property between the parties without regard to marital misconduct, in such proportions as the Court deems just after considering all relevant factors including:
"(1) The length of the marriage;
"(2) Any prior marriage of the party;
"(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties;
"(4) Whether the property award is in lieu of or in addition to alimony;
"(5) The opportunity of each for future acquisitions of capital assets and income;
"(6) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker or husband;
"(7) The value of the property set apart to each party;
"(8) The economic circumstances of each party at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the party with whom any children of the marriage will live;
"(9) Whether the property was acquired by gift, bequest, devise or descent;
"(10) The debts of the parties; and
"(11) Tax consequences.
"(b) For purposes of this chapter only, 'marital property' means all property acquired by either party subsequent to the marriage except:
"(1) Property acquired in exchange for property acquired prior to the marriage;
"(2) Property excluded by valid agreement of the parties; and
"(3) The increase in value of property acquired prior to the marriage."

As ancillary to the divorce, the Family Court ordered the Husband to pay alimony as follows: $400 per month for 11 years, then $200 per month for 9 years, and $100 per month thereafter. Further, the Court ordered that the Husband be divested of his interest in the marital domicile in exchange for the Wife being divested of her interest in Husband's pension fund.

In ordering the property division, the Family Court recognized an imbalance of almost $16,000 favoring the Wife. However, the distribution was deemed equitable, in light of the 23-year marriage, the disparity in income, the Husband's eligibility for a pension within 11 years, and the Wife's ineligibility for Social Security benefits for another 20 years.

## II.

The Husband asserts that the Family Court abused its discretion in ordering alimony. Specifically, he argues that, as an essential statutory basis for alimony, the Trial Court failed to make the necessary finding that the Wife was dependent upon the Husband for support, or that she had insufficient income or property with which to finance her needs, or that she was unable to obtain employment providing adequate income. Further, the Husband asserts error because the Court failed to "find that [Wife's] dependence would continue throughout the term of the alimony award." Accordingly, the Husband argues that the requisite provisions of § 1512 were not fulfilled.

■ In making an award of alimony, the Family Court is invested with broad powers; an alimony award will not be overturned by this Court unless there has been an abuse of discretion. *R. E. T. v. A. L. T.*, Del.Supr., 410 A.2d 166 (1979). The party seeking alimony must prove by a preponderance of the evidence dependency upon the other party. § 1512(b): *Husband B. v.*

*Wife B.*, Del.Supr., 295 A.2d 701 (1972). Specifically, as the applying party, the Wife must show that she "[l]acks sufficient property . . . to provide for [her] reasonable needs; and is unable to support . . . [herself] through appropriate employment." § 1512(b).

■ Dependency, while not defined by the Statute, means more than a minimal existence or subsistence level. Its meaning is to be "measured against the standard of living established by the parties during their marriage." *Husband J. v. Wife J.*, Del.Fam.Ct., 413 A.2d 1267, 1269 n.2 (1979).

■ While not explicitly spelled out, as should have been done,[3] the Trial Court's bases for an allowance of alimony in this case may be discovered from analysis of its various writings. It appears therefrom that the Court reached the following factual conclusions: The Wife has no special skills or regular employment history; at the time of the proceedings below she earned $130 per week after withholdings, or a gross annual income of about $9,000. While she had training as a practical nurse, inactivity in that field resulted in the expiration of her license, the reinstatement of which would have required refresher courses not routinely available. The Husband, on the other hand, is a union pipefitter of almost 20 years experience earning over $35,000 per year. The spread in incomes between the parties has been, and is expected to continue to be, between $20,000 and $28,000 per year. The Wife has also contributed moderately to the college tuition of one of the children.

In light of the sharp imbalance in the financial positions of the parties, we conclude that the Trial Court did not abuse its discretion in making the alimony award. It implicitly recognized the disparity in incomes, the rehabilitative aspects of alimony contemplated by 13 Del.C. § 1502(6),[4] and

---

3. See Part IV, *infra.*

4. 13 *Del.C.* § 1502(6) provides:
   "§ 1502. Purpose; construction.

"This chapter shall be liberally construed and applied to promote its underlying purposes, which are:

    *     *     *     *     *     *

the comparative economic situations of the parties over the years as each reaches retirement age.

### III.

The Husband's second contention is that the Family Court abused its discretion in the division of marital property. The Husband argues reversible error in that the Trial Court did not apply the factors listed in § 1513(a). He asserts that the Trial Court ordered an equal distribution—again without setting forth reasons. Further, the Husband argues that the Trial Court abused its discretion in ruling that (1) the wife's contributions as a homemaker were equal to the substantial salary of the husband; and (2) the speculative value of the Husband's pension fund was equal to the certain value of the marital domicile.

Again in this facet of the case, the Trial Court's supporting reasons were not set forth in as explicit a manner as should have been done but, as with the alimony issue, the bases for the Court's conclusions can be gleaned from its various writings. In analyzing those writings, we find no abuse of discretion.

■ The Code empowers the Family Court to "equitably divide . . . the marital property between the parties." § 1513(a). The term " 'equitably' refers to the power of the Court to divide property according to justice and fairness." *Husband C v. Wife C*, Del.Supr., 391 A.2d 745, 746 (1978). It is proper to consider the role of one of the parties as homemaker and the intangible contribution to the marriage of the party assuming that role. See § 1513(a)(6). Also pension rights acquired during the marriage are properly included as marital property under the Code. *Robert C. S. v. Barbara J. S.*, Del.Supr., 434 A.2d 383 (1981).

■ As with an alimony award, the Family Court is vested with broad discretion to divide marital property, and its rulings in this regard will not be disturbed as long as there is evidence to support the Court's findings of fact. *Wife (L.R.) v. Husband (N.G.)*, Del.Supr., 412 A.2d 333 (1980).

■ Considering the disparate incomes of the parties, the Husband's immediate ability to secure a home for himself, and the limited means of the Wife, we find no error in the award to the Wife of the marital domicile while the Husband is permitted to retain his full pension rights for future enjoyment when he retires and his earning power diminishes. The Court had a professional appraisal of the value of the pension before it, indicating a value approximately equal to that stipulated as being the value of the house. We find no abuse of discretion in the equal division of property equal in value under the circumstances and the substantial evidence present in this case.

### IV.

■ Since, as we have said, the bases of the Trial Court's rulings and conclusions are discoverable by an analysis of its various writings, remand is not necessary. However, this Court should not be obliged to "analyze various writings" and to "glean" or "discover" supporting reasons for a decision under appellate review. As this Court has frequently been required to repeat, findings and conclusions and reasons therefor should be fully and clearly set forth by the Trial Court for the benefit of the parties and of this Court.

In particular, this case is another illustration of the lack of uniformity and standards for an explicit statement by the Trial Court of findings, conclusions, and the supporting rationales as to the issues of dependency and other statutory requirements governing this type of case.

This Court recognized the problem presented by such inconsistency and inade-

---

"(6) To award alimony in appropriate cases so as to encourage parties to become self-sup- porting;"

quacy in *Husband M v. Wife D*, Del.Supr., 399 A.2d 847 (1979). There, concern was expressed about "a rash of decisions without supporting reasons" emanating from the Family Court. 399 A.2d at 848. It was there pointed out, with the hope that corrective measures would ensue, that "it is a part of a trial judge's adjudicative responsibilities 'to state the reasons for his action, no matter how briefly.' " *Id.*

It is evident however, from the instant case and others, that this Court's repeated concern in this regard has too often gone unheeded by certain of the Family Court Judges.

We have concluded that mandatory guidelines and standards are essential for decisions in these types of cases. "[T]he impact of [a Family Court] order on the future life of former spouses, as they go their separate ways after days or decades of marriage, can be enormous. It is, therefore, essential in the public interest that the Judges of the [Family] Court who exercise its statutory power (most often without review) apply the same basic approach in the administration of § 1513 [and § 1512]." *Husband R. T. G. v. Wife G. K. G.*, Del. Supr., 410 A.2d 155, 158 (1979).

█ Accordingly, we take the occasion to direct the prompt adoption of a Family Court Rule prescribing mandatory guidelines and standards which will insure that findings, conclusions, and supporting reasons therefor, in all future property distribution, alimony, and child support cases, will be uniformly, clearly, and fully set forth by the Trial Judges. Specifically, but without limitation, the Rule shall mandate inclusion of the following:

(a) The facts supporting a determination of dependency;

(b) The amount of each payment;

(c) The frequency of each payment;

(d) The length of time such payments shall continue;

(e) The relevant factors as outlined in 13 *Del.C.* § 1512(c), found to be applicable under identified evidence;

(f) The relevant factors as outlined in 13 *Del.C.* § 1513, found to be applicable under identified evidence.

Any future appeal to this Court lacking such information, which is hereby declared essential to a proper appellate review, will be remanded forthwith for completion of the record.

Affirmed.