Santos LEE,[1] Petitioner Below, Appellant,

v.

Carmen Lee GREEN, Respondent Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 8, 1990.
Decided: April 10, 1990.
Rehearing Denied May 10, 1990.

1. Pursuant to Supreme Court Rule 7(c), the names of the parties in the caption are pseudonyms selected by this Court.

David J. Ferry, Jr. of Ferry & Fink, Wilmington, for appellant.

Thomas D. Shellenberger of Cooch and Taylor, Wilmington, for appellee.

Before CHRISTIE, Chief Justice, HORSEY, and HOLLAND, Justices.

CHRISTIE, Chief Justice:

This is an appeal from an order of the Family Court which determined the division of marital property following the divorce of the parties. The Family Court awarded sixty percent of the net marital estate to the wife and forty percent to the husband. The court also determined that the wife was entitled to receive attorney fees from the husband, even though she was represented in the divorce action by an attorney from Delaware Volunteer Legal Services ("DVLS"). On appeal, the husband contends that the trial court erred in: 1) failing to apply the Melson Formula and failing to direct the wife to pay retroactive child support for the period of time that the children were living with him; and 2) awarding counsel fees to the wife since she was represented by an attorney from DVLS. The wife has moved, pursuant to Rule 25(a), to affirm the decision of the Family Court. We agree with the rulings of the Family Court and affirm its decision.

Appellant ("husband") and appellee ("wife") were married on June 14, 1969, separated on March 15, 1988, and divorced by final decree on August 15, 1988. Three children were born of the marriage: a daughter, born January 21, 1971; a son, born December 10, 1971; and a son, born March 20, 1979. The husband is employed as an equipment operator, making approximately $33,000 a year. The wife is employed as a teacher's aide, earning approximately $8,600 during nine months of the year. She entered the work force in 1985, after having been a full-time housewife and mother during most of her married life. The couple's three children continued to live with the husband for approximately seventeen months following the parties' separation. During this time, the oldest child reached the age of majority.

The Family Court conducted a hearing concerning ancillary matters on August 7, 1989.[2] At that time, the wife was cohabiting with a friend, and they had the ten-year old son living with them. The other minor child, the seventeen and one-half year old son, continued to live with the husband.

After the hearing, the Family Court concluded that the marital estate in this case had a net worth of approximately $7,000. It included a $6,000 balance in a bank account, a van worth $1,000, and a Hyundai automobile as to which there was no equity. The court awarded sixty percent to the wife and forty percent to the husband. The court awarded the Hyundai and $4,200 to the wife, and it awarded the van and $1,800 to the husband. By agreement of the parties, the wife was also awarded a portion of the husband's pension. In addition, the court determined that the wife should receive $1,100 in attorney fees from

**2.** Appellant never sought child support as part of his relief ancillary to the divorce. In fact, appellant made no specific requests for ancillary relief at all in his Petition for Divorce. Appellee did seek ancillary relief in the form of child support, but her request for such relief was dismissed by stipulation of the parties on May 2, 1989. Upon entry of the order of May 2, 1989 to that effect, there was no longer a pending request for ancillary relief in the form of child support. Appellant did subsequently file a Petition for Child Support, but this action was not filed until well after entry of the final decree of divorce on August 15, 1988, and the action had not yet proceeded to the level of a judicial hearing. Thus, the trial judge could not properly offset appellant's entitlement to support against appellee's share of the marital property.

the husband, even though she was represented in the divorce action by an attorney from DVLS. The wife had originally requested alimony in her response to the divorce petition, but she did not pursue the claim.

## I.

Husband first contends that the trial court erred in failing to apply the Melson Formula and in failing to direct the wife to pay retroactive child support for the period of time that the children were living with him. He argues that some of the expenses he incurred while the children were living with him should be charged to his wife, and that the trial court failed to adequately explain the reasons for not applying the Melson Formula to the child support claims since the formula operates as a rebuttable presumption in all child support cases in determining the amount of support required of each parent. *See Dalton v. Clanton,* Del.Supr., 559 A.2d 1197, 1211 (1989).

The husband did not seek child support in his petition for divorce, but waited to file a petition for child support until after entry of the final divorce decree. At that point, the trial judge would have had to offset the husband's alleged entitlement to support against the wife's share of the marital property. Further, as the trial court noted, the wife was willing to forego her claim for alimony in this case if she received the division of marital property she requested. The court found that the wife would have been entitled to interim alimony had she continued to pursue her claim, but because her employment was at minimum wage, she would have been obligated to pay very little, if any, child support to the husband. Under the circumstances, the court rejected the husband's claim for retroactive child support, ruling that the wife's alimony award would have more than offset the claim for child support. Moreover, the provisions of 13 *Del.C.* § 513(d)(2) generally prohibit the entry of a retroactive child support modification. In this case, we find no abuse of

discretion in the Family Court's conclusion that the facts of this case successfully rebutted the presumptive applicability of the Melson Formula. *Dalton v. Clanton,* Del. Supr., 559 A.2d 1197 (1989); *Harper v. Barrows,* Del.Supr., 570 A.2d 1180 (1990); *Kenton v. Kenton,* Del.Supr., 571 A.2d 778 (1990).

## II.

Husband next contends that the Family Court erred in awarding attorney fees to the wife since the attorney representing the wife was obtained through DVLS. A trial court has broad discretion in determining whether to award attorney fees under 13 *Del.C.* § 513(4) and § 1515. *See also Lynam v. Gallagher,* Del.Supr., 526 A.2d 878, appeal after remand, 536 A.2d 615 (1987); *Gray v. Gray,* Del.Supr., 503 A.2d 198, 204 (1986). An award of fees, however, may not be made arbitrarily, and a statement as to the reason for an award of costs and fees should appear in the record. *Husband B. W. D. v. Wife B. A. D.,* Del.Supr., 405 A.2d 123, 125 (1979).

The provisions of 13 *Del.C.* § 1515 impose no requirement upon an indigent party to use available social service agencies when obtaining an attorney in a divorce action. *Husband M v. Wife D,* Del.Supr., 399 A.2d 847, 849 (1979). Although the wife was represented by an attorney from DVLS in this case, the court, in its discretion, awarded fees to the wife because the husband had increased the costs by taking what was deemed to be unreasonable and untenable positions. *See Mays v. Mays,* Del.Supr., 552 A.2d 858 (1988) (ORDER). The court found that an amount equal to at least one-seventh of the total marital estate was spent by the husband to litigate the division of that modest estate when the wife's right to a substantial share was apparent.

As a general matter, awards of attorney fees where otherwise authorized are not obviated by the fact that individual plaintiffs are not obligated to compensate their counsel. The presence of an attorney-client relationship suffices to entitle pre-

vailing litigants to receive fee awards. *Torres v. Sachs*, 538 F.2d 10, 13 (2d Cir. 1976); *Brandenburger v. Thompson*, 494 F.2d 885, 889 (9th Cir.1974). Of course, since the object of fee awards is not to provide a windfall to individual plaintiffs, fee awards must accrue to counsel. *Hairston v. R & R Apartments*, 510 F.2d 1090, 1093 (7th Cir.1975).

In this case, the Family Court specifically ruled that the sums awarded would be turned over to DVLS. *See DVLS Practices and Procedures* § G Attorneys' Fees (if fees are available from a source other than the client or the client's recovery, the volunteer attorney should advise DVLS and apply for such fees only with the express prior approval of the DVLS Board of Directors). We find that the policy underlying the award of fees (in this case, the curtailing of excessively litigious conduct) is justified without regard to whether the wife assumed the financial burdens of representation. Despite the fact that the wife did not have to compensate her attorney for his services, she nevertheless obtained an attorney to defend her position against what the Family Court characterized as the unreasonable position of the husband.

The award of fees to legal aid offices and other groups furnishing *pro bono publico* representation promotes the enforcement of proper conduct as much as an award to privately retained counsel. Legal services organizations often must ration their limited financial and manpower resources. Allowing them to recover fees enhances their capabilities to assist those who are financially unable to obtain private counsel. *See Rodriguez v. Taylor*, 569 F.2d 1231, 1245 (3d Cir.1977); *Hairston*, 510 F.2d at 1092–93.

This Court has previously ruled that an award of attorney fees to a party represented by a Community Legal Aid attorney is proper in the context of sanctions imposed pursuant to Superior Court Civil Rule 37. *See Wileman v. Signal Finance Corp.*, Del.Supr., 385 A.2d 689, 691 (1978)

(when a party fails to comply with orders of the court permitting discovery, an award of expenses, including attorney fees, is mandatory unless failure to comply was substantially justified or other circumstances made it unjust). Similarly, the United States Supreme Court and the Third Circuit Court of Appeals have ruled that it is proper to award fees to legal services organizations pursuant to federal statutes mandating the award of fees in certain cases. *See Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (under the Civil Rights Attorney's Fees Awards Act of 1976, which provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs," reasonable fees are to be calculated according to the prevailing market rates in the relevant community, not according to the cost of providing legal services, regardless of whether the prevailing party is represented by private profit-making attorneys or nonprofit legal aid organizations); *Rodriguez v. Taylor*, 569 F.2d 1231 (3d Cir.1977) (publicly funded legal services organizations are not absolutely barred from receiving mandatory ADEA attorneys' fee awards by virtue of the legal limitations on their authority to handle fee generating or contingent fee cases.)

Although the Family Court could not consider litigation by the husband subsequent to the August 7, 1989 hearing in its award of fees to the wife, this Court notes that the husband filed a motion to stay the order of the Family Court on September 5, 1989. Husband sought a stay of that court's order of August 7, 1989, pending an appeal, in an effort to prevent the wife from obtaining her sixty percent share of the marital estate (a sum of $4,200). When the Family Court denied the motion for a stay, the husband then filed another motion for a stay of the order in this Court, which was also denied. Under all the circumstances, we find the award of attorney fees proper in this case.

After a review of the record and the appellant's brief, we conclude that the ap-

 

peal is without merit because the issues involved are clearly controlled by settled principles of Delaware law, and to the extent that matters of judicial discretion are involved, clearly there was no abuse of discretion. The motion to affirm the Family Court is GRANTED, and the judgment of the Family Court is AFFIRMED.