IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| W. SAM CARLTON[1], | § | |
| | § | No. 243, 2017 |
| Petitioner-Below, | § | |
| Appellant, | § | Court Below: Family Court |
| | § | of the State of Delaware, |
| v. | § | in and for New Castle County |
| | § | |
| HEATHER H. ZEPSKI, | § | File No. CN12-05993 |
| | § | Petition No. 16-22487 |
| Respondent-Below, | § | |
| Appellee. | § | |

Submitted: January 24, 2018
Decided: February 7, 2018

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 7th day of February, 2018 having considered the briefs and the record below, it appears to the Court that:

(1)    W. Sam Carlton appeals the Family Court's decisions in proceedings related to a petition to modify custody. Specifically, he appeals the court's denial of motions for a hearing on interim visitation, to compel discovery, and for a continuance. He also appeals from the court's order granting withdrawal of a custody petition and the award of attorney's fees to Heather H. Zepski. After careful review of the record, we affirm the Family Court's orders.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     Carlton and Zepski separated in 2012.  Carlton originally had custody of their three children.  On September 13, 2013, by out-of-court agreement between the parties, Carlton granted primary residential and sole legal custody to Zepski, without a plan for visitation.  On October 1, 2013, Carlton filed a petition to modify custody.  After a series of motions and delays by Carlton, the court dismissed the case for failure to prosecute on July 13, 2016.  Carlton filed a second petition to modify custody on July 27, 2016.

(3)     The Family Court scheduled a trial on the merits for April 21, 2017.  Carlton filed a motion for an interim visitation hearing on February 13, 2017.  The court denied the motion because of the complexity of the case and the inefficiency of hearing the same issues that it would hear in the trial.[2]  Carlton then filed a motion to compel discovery on April 7th, claiming that Zepski did not provide him with information about their children, including medical records, school records, and records regarding one child's special education needs.  Carlton provided no detail or particular reason for why he needed the information, only stating "that it would provide the basis to try the custody petition."[3]  Carlton then filed a motion for a trial continuance on April 11th, claiming that because Zepski did not provide him with

---

[2] App. to Opening Br. at 12 (Order on Petr's Mot. for Interim Visitation Hr'g, *Chang*, No. CN12-05993 (Del. Fam. Feb. 20, 2017)).

[3] App. to Answering Br. at 154 (Petr's Notice of Withdrawal, *Chang*, No. CN12-05993 (Del. Fam. Apr. 19, 2017)).

this information, he was unprepared for trial.  The court denied both motions on April 13th.[4]

(4)     Carlton filed a notice to withdraw the custody petition on April 19th, two days before trial and after Zepski's counsel had entered an appearance.  Carlton claimed he was "forced to withdraw" because the Family Court denied his previous motions, and Zepski refused to comply with his discovery requests.[5]  During a teleconference, the court told Carlton he could choose to proceed to trial or the court would dismiss his case with prejudice—restricting him from filing another petition to modify custody or visitation for a year—and would require him to pay Zepski's attorney's fees.[6]  Carlton chose not to proceed, and the court dismissed the case with prejudice, awarding attorney's fees to Zepski.[7]

(5)     Carlton argues on appeal that the Family Court abused its discretion by denying his motions and awarding attorney's fees to Zepski.  Carlton alleges that the

---

[4] App. to Opening Br. at 10–11 (Orders on Petr's Motion to Compel and Petr's Motion to Continue, *Chang*, No. CN12-05993 (Del. Fam. Apr. 13, 2017)).

[5] Opening Br. at 17.

[6] App. to Opening Br. at 7–9 (Order on Petr's Notice of Withdrawal, *Chang*, No. CN12-05993 (Del. Fam. Apr. 19, 2017)).  Zepski was receiving legal services from Delaware Volunteer Legal Services ("DVLS").  Opening Br. at 6.  An award of reasonable fees to legal aid groups is proper. *Lee v. Green*, 574 A.2d 857, 860 (Del. 1990).

[7] App. to Opening Br. at 7–9 (Order on Petr's Notice of Withdrawal, *Chang*, No. CN12-05993, 1–2 (Del. Fam. Apr. 19, 2017)) (explaining that "although Father filed a [n]otice to withdraw pursuant to Rule 41(a), counsel for Mother had already entered her appearance and Trial was scheduled in two days.  In addition, Mother opposed the withdrawal of the Petition.  Accordingly, Father must proceed pursuant to Rule 41 (2), to withdraw by Order of the Court.  The Court shall treat Father's Notice of Withdraw as a Motion to dismiss.").

Family Court's decisions have wrongfully kept him from his children and prevented any visitation. Carlton further claims that the court's decisions and Zepski's actions left him no choice but to withdraw his petition. This Court reviews Family Court decisions and the award of attorney's fees for an abuse of discretion and will not disturb its rulings unless clearly wrong.[8]

(6)   First, Carlton argues the court abused its discretion in denying his motion for an interim visitation hearing.[9] The Family Court denied the motion, finding it would be "contrary to judicial economy, lengthy, and duplicative of the trial on the merits that was scheduled to occur in just two months."[10] On appeal, Carlton argues that this is an abuse of discretion because parental rights to visitation are highly protected, and the Family Court is infringing on his right to see his children. A trial judge has broad discretion, however, when to schedule hearings.[11] The court's denial of the motion was a proper scheduling decision because Carlton's trial would address the same issues at trial only two months away. Thus, the Family Court acted within its discretion by denying Carlton's motion.

---

[8] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979); *Tanner v. Allen*, 149 A.3d 1026, 2016 WL 6135339, at *2 (Del. Oct. 21, 2016) (TABLE).
[9] Opening Br. at 12.
[10] App. to Opening Br. at 12 (Order on Petr's Mot. for Interim Visitation Hr'g, *Chang*, No. CN12-05993 (Del. Fam. Feb. 20, 2017)).
[11] *Weber v. Weber*, 547 A.2d 634, 1988 WL 93433, at *2 (Del. Aug. 5, 1988) (TABLE).

(7)     Second, Carlton appeals the Family Court's denial of his motion to compel discovery.  The Family Court denied the request.[12]  On appeal, Carlton argues that he was entitled to the information regarding his children's schooling and health.  The court may limit or deny discovery, however, if it is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."[13]  Carlton's request for discovery focused on information regarding the children's educational and medical records, but the record shows that Carlton either already had the information or had the ability to obtain it in a manner that was more convenient and less burdensome than requiring Zepski to provide it.[14]  Carlton fails to support his claim that he was unable to get the information on his own.  The record supports the Family Court's decision, and the court did not abuse its discretion in denying Carlton's motion to compel.

(8)     Third, Carlton appeals the Family Court's denial of his motion for a continuance.[15]  On appeal, Carlton argues that the court abused its discretion because

[12] App. to Opening Br. at 10 (Order on Petr's Mot. to Compel, *Chang*, No. CN12-05993 (Del. Fam. Apr. 13, 2017)).

[13] Super. Ct. Civ. R. 26.  Individuals under the jurisdiction of the Family Court "must be accorded the same procedural rights as they would have in the Superior Court," and therefore the Superior Court rules apply to the motion to compel in this case.  *Eberly v. Eberly*, 489 A.2d 433, 445 (Del. 1985).

[14] App. to Answering Br. at 130–34 (Respt's Ans. to Disc. Req., *Chang*, No. CN12-05993, (Del. Fam. Mar. 16, 2017)) (showing that Carlton received the general information about the children's schools and medical providers necessary to gather further information directly from the sources).

[15] App. to Opening Br. at 11 (Order on Petr's Mot. to Continue, *Chang*, No. CN12-05993 (Del. Fam. Apr. 13, 2017)).

by denying the motion for continuance, the court left him unprepared for trial, necessitating his withdrawal. But, as discussed above, the record shows that Carlton's need for a continuance was of his own making, because he could have obtained the information he sought to compel. As noted earlier, matters of scheduling are within the discretion of the trial judge,[16] and the court may deny a motion for a continuance when the movant caused the dilemma that created the need for the continuance.[17] Carlton created the need for the continuance, and thus the court acted within its discretion in denying the motion for a continuance.

(9) Fourth, Carlton argues the Court abused its discretion in granting his notice to withdraw his petition to modify custody. The court granted the withdrawal on Carlton's request, and he consented to the Family Court's terms of dismissal. On appeal, Carlton repeats his argument that because the court denied his motion to compel, he "was forced to withdraw."[18] As explained above, the denial of his motion to compel did not force him to withdraw because he could have obtained the information by other means. Thus, the court did not abuse its discretion in granting his notice to withdraw.

(10) Lastly, Carlton argues the court abused its discretion by awarding attorney's fees to Zepski. The court awarded the fees after considering the parties'

---

[16] *Weber*, 1988 WL 93433, at *2.
[17] *Stevenson v. Simons*, 905 A.2d 747, 2006 WL 2048487, at *2 (Del. July 21, 2006) (TABLE).
[18] Opening Br. at 17.

financial status and other equitable concerns. On appeal, Carlton argues that he was not given an opportunity to argue the issue, the court failed to consider necessary factors in making its determination, and the court considered previous conduct outside of the present case.[19] The Family Court has broad discretion to award attorney's fees.[20] The court must allow the non-moving party to respond and contest a motion for fees, but there is no such requirement in situations in which the court awards fees on its own, without a motion from a party.[21] Further, Carlton consented to the fee award.

(11) Even if Carlton had not consented, the fee award was properly supported by the record. The Family Court found Carlton was "almost consistently represented," while Zepski could not pay for representation and thus had *pro bono* counsel.[22] As to other equitable considerations, as the court found, "as a result of Father's litigious behavior and multiple requests to continue or stay Trial dates," there was little progress in the proceedings.[23] Therefore, the Family Court acted within its discretion in awarding Zepski attorney's fees.

---

[19] Opening Br. at 21–28.

[20] *Lee*, 574 A.2d at 859.

[21] *Steele v. Steele*, 759 A.2d 602, 2000 WL 1468067, at *1 (Del. May 3, 2000); *Cf.* 13 *Del. C.* § 1515 (providing the court the power to award fees without any guaranteed procedural recourse to contest an award before an order is made final).

[22] App. to Opening Br. at 9 (Order on Petr's Notice of Withdrawal, *Chang*, No. CN12-05993 (Del. Fam. Apr. 19, 2017)).

[23] *Id.*

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the

Family Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice