IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDRE BRYAN | § | |
| | § | No. 101, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.R. ID No. 2303000061(N) |
| STATE OF DELAWARE | § | |
| | § | |
| Appellee. | § | |

Submitted:  January 7, 2026
Decided:  March 20, 2026

Before **VALIHURA**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, and following oral argument, it appears to the Court that:

(1)    Andre Bryan appeals from a Superior Court judgment of conviction for Rape in the Second Degree and related felony sexual offenses.  The State alleged that, while staying in the complainants' family home as a friend of their mother, Bryan sexually abused two minor sisters—M.M. in 2010 or 2011 and K.M. in 2014 or 2015.  The abuse occurred during separate visits to the home, when each child was approximately nine years old.  A grand jury indicted Bryan on August 28, 2023 for one count of Rape in the Second Degree and additional felony sexual offenses, combining the offenses involving both complainants in one indictment and

1

proceeding to a single trial. Bryan challenges (i) the Superior Court's rulings concerning his use of a Spanish interpreter—including the requirement that, if he testified with an interpreter, he must testify exclusively in Spanish—and (ii) the court's denial of his Motion for Relief from Prejudicial Joinder seeking severance of the charges involving the two complainants.

(2) Bryan was born in Cuba, immigrated to the United States around 1980, and became a United States citizen in 2016. Although he speaks some English, he is a non-native speaker. In the months leading up to trial, interpreter issues arose repeatedly. At a final case review in May 2024, Bryan requested a continuance so that he could utilize an interpreter. Final case review was postponed a second time on June 3, 2024 because no interpreter was available. At a third final case review on June 10, 2024, an interpreter was present, but Bryan primarily spoke in English. During that proceeding, the trial judge advised defense counsel that if Bryan used an interpreter at trial, he would have to testify "all in Spanish"—"[i]t's all or nothing."[1]

(3) Trial was scheduled for July 8, 2024, and an interpreter was requested. But no interpreter was available when the parties appeared on July 8. Defense counsel confirmed that Bryan still wanted an interpreter even though counsel could communicate with him in English.[2] The court therefore continued the trial to secure

---

[1] App. to Appellant's Opening Br. at A30.

[2] *Id.* at A65.

interpreter services, resetting the case for jury selection on July 18, 2024, with trial evidence beginning July 22, 2024. When Bryan later testified, he did so with an interpreter. After he initially answered several questions in English, the trial court—consistent with its June 10 "all or nothing" instruction—required him to answer through the interpreter.[3] Bryan made no objection to that ruling.

(4) Bryan contends that the trial court plainly erred by instructing, at the June 10, 2024 case review, that if Bryan elected to testify with an interpreter he would have to testify "all in Spanish"—"[i]t's all or nothing"—and by enforcing that instruction when Bryan began answering some questions in English at trial.[4] Bryan did not object to the June 10 instruction, did not request permission to testify in English at trial, and did not object when the court required him to answer through the interpreter. Accordingly, this claim was not preserved and we review only for plain error.[5] Plain error is limited to "material defects" that are "basic, serious and fundamental," and an error warrants relief only if it is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[6]

---

[3] *Id.* at A211–12.

[4] Appellant's Opening Br. at 22; App. to Appellant's Opening Br. at A30, A211–12.

[5] Supr. Ct. R. 8; *Small v. State*, 51 A.3d 452, 456 (Del. 2012); *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[6] *Suber v. State*, __ A.3d __, 2026 WL 184867, at *5 (Del. Jan. 15, 2026) (quoting *Wainwright*, 504 A.2d at 1100).

(5)    Bryan has not met that demanding standard.  He identifies no binding authority establishing that a defendant is entitled to alternate between English testimony and interpreter-mediated testimony, or that the trial court's "all or nothing" approach was impermissible under Delaware law.  Nor has Bryan shown clear prejudice: he testified with the interpreter that he repeatedly requested, and he has not explained how being required to answer through the interpreter materially impaired his ability to present his testimony.  Finally, Bryan did not request *voir dire* targeted to interpreter-related concerns or a special instruction addressing interpreter use.  The absence of unrequested measures does not constitute plain error on this record.

(6)    Separately, on July 5, 2024—the Friday before the scheduled July 8 trial—Bryan filed a Motion for Relief from Prejudicial Joinder seeking severance of the charges involving M.M. and K.M.  He argued that the charges involved different complainants and separate incidents that occurred years apart, and that a joint trial would unfairly prejudice him by allowing the jury to cumulate the evidence across the two episodes.  The Superior Court heard argument on July 8 and denied the motion from the bench.[7]  The court explained that, considering "the totality of the circumstances, motive, opportunity, intent and *modus operandi*," the "slight

---

[7] App. to Appellant's Opening Br. at A57–60.

differences" alleged did not warrant severance.[8] The court also rejected Bryan's remoteness argument and noted that it would memorialize its ruling at a later date given the proximity to trial.[9] On October 9, 2024, the Superior Court issued a written memorandum opinion denying the motion.[10] The court elaborated on its conclusion that the charges were properly tried together given the similarities between the two episodes, and that any potential prejudice did not warrant severance.[11] The court further reasoned that the alleged gap in time did not defeat joinder in these circumstances, and that the jury could fairly consider the charges separately in a single trial.[12]

(7) We review the Superior Court's denial of Bryan's Motion for Relief from Prejudicial Joinder for abuse of discretion and will not disturb that ruling absent an adequate showing of prejudice by the movant.[13] Bryan advances two related challenges to the Superior Court's severance ruling. First, he argues that the court did not adequately explain its denial in a timely manner because it ruled from the bench on July 8, 2024 and did not issue a written memorandum opinion until October

---

[8] *Id.* at A58–59.

[9] *Id.* at A60.

[10] *Id.* at A288–97.

[11] *Id.* at A294–95.

[12] *Id.* at A295–96.

[13] *Wiest v. State*, 542 A.2d 1193, 1195 (Del. 1988).

9, 2024.[14] Bryan filed his motion on July 5—three days before the scheduled trial and on the eve of a holiday weekend—despite the charges having been joined for months. That timing necessarily constrained the court's ability to issue a detailed written decision before trial.[15] Even so, the Superior Court ruled from the bench and explained the essential bases for its decision: it rejected Bryan's asserted "slight differences," concluding that joinder was appropriate in light of the "totality of the circumstances, motive, opportunity, intent and *modus operandi*."[16] The court also addressed Bryan's principal objection—remoteness—explaining that there is no "bright line" cutoff and emphasizing that the allegations were reported "within a day of each other."[17] The court later issued a written decision elaborating on its holdings.[18] Bryan has not identified any concrete prejudice caused by that

---

[14] Appellant's Opening Br. at 16.

[15] *Holden v. State*, 23 A.3d 843, 846–47 (Del. 2011) (citing *Husband M v. Wife D*, 399 A.2d 847, 848 (Del. 1979) (stating that trial judges have an obligation to state their reasons for a decision "no matter how briefly") (citation omitted)).

[16] App. to Appellant's Opening Br. at A58–60.

[17] *Id.* at A60.

[18] *Id.* at A288–97. Courts operate under substantial time burdens. *Holden*, 23 A.3d at 846–47 (quoting *Husband M v. Wife D*, 399 A.2d 847, 848 (Del. 1979) ("[W]e are mindful of the tremendous time burdens on our trial courts. But it is part of a trial judge's adjudicative responsibilities 'to state the reasons for his action, no matter how briefly.'") (citation omitted)). It is common for courts to rule from the bench and later memorialize or elaborate on that ruling in a written decision. *See, e.g.*, *State v. McMullen*, 2020 WL 58529, at *1 (Del. Super. Jan. 3, 2020) (denying a motion for judgment of acquittal in a bench ruling and following up with a written decision); *State v. Johnson*, 2011 WL 4908637, at *1 (Del. Super. Oct. 5, 2011) (denying motion to suppress recorded outgoing prison phone calls from the bench on September 13, 2011, followed by a written decision on October 5, 2011).

6

sequencing; any claimed prejudice flows from the eve-of-trial filing that required an immediate bench ruling.[19]

(8) Bryan's second challenge to the denial of his Motion for Relief from Prejudicial Joinder goes to the substance of the severance determination. He argues that the Superior Court abused its discretion by failing to balance the relevant factors governing severance.[20] The parties agree that the severance question here turns on cross-admissibility—whether the evidence relating to the alleged offenses against M.M. would be admissible at a separate trial of the alleged offenses against K.M., and vice versa. Where the evidence is cross-admissible, joinder generally does not cause unfair prejudice.[21]

(9) In Delaware, cross-admissibility under D.R.E. 404(b) is evaluated under the six-factor framework announced in *Getz v. State*.[22] Under *Getz*, other-acts evidence is admissible only if: (1) it is material to an issue or ultimate fact in dispute; (2) it is offered for a purpose sanctioned by D.R.E. 404(b), and not to show propensity; (3) it is proved by evidence that is plain, clear, and conclusive; (4) it is

---

[19] Bryan argues that the timing of the Superior Court's written memorandum opinion deprived him of an opportunity to seek reargument. But that premise is questionable given Bryan's eve-of-trial filing and the court's on-the-record bench ruling, and, in any event, Bryan can raise—and has raised—the same severance arguments on appeal.

[20] Appellant's Opening Br. at 18.

[21] *Wiest*, 542 A.2d at 1195 & n.3 (explaining that cross-admissibility is a "crucial factor"; if evidence would be admissible at separate trials, "there is no unfair prejudice in having a joint trial" (citing *Bates v. State*, 386 A.2d 1139, 1142 (Del. 1978))).

[22] *Getz v. State*, 538 A.2d 726, 734–35 (Del. 1988).

not too remote in time; (5) its probative value is not substantially outweighed by the danger of unfair prejudice under D.R.E. 403; and (6) the trial court gives a limiting instruction upon request.[23] Bryan contends that those requirements were not met because the State's joinder theory depended on propensity reasoning rather than a proper Rule 404(b) purpose, because the proof was not "plain, clear, and conclusive," and because the incidents were too remote in time.[24] We disagree.

(10) Applying *Getz*, the Superior Court did not abuse its discretion in concluding that the evidence would be cross-admissible for a proper, non-propensity purpose. The similarities that the court relied upon were not generic: the complainants were sisters; they were approximately the same age at the time of the alleged abuse; the alleged abuse occurred while Bryan was staying in the same home; the alleged abuse occurred in the same location within that home; and the allegations involved similar conduct. Our decision in *Wood v. State* illustrates why concrete, episode-linking parallels of that kind can support joinder. In *Wood*, the State tried together two series of child-sex offenses involving different victims with different relationships to the defendant—a neighbor's child from the defendant's apartment complex and the defendant's stepdaughter after he moved in with her mother—and the indictment charged conduct in separated timeframes (September 1996–June

---

[23] *Id.*

[24] Appellant's Opening Br. at 18–19.

1998 and March 2000–March 2005).[25] We upheld joinder because the incidents shared distinctive, episode-linking features that "suggest[ed] parts of a common scheme or plan"—including the victims' similar ages and the defendant's use of deception and isolation.[26] Just as it was proper in *Wood* notwithstanding the identified differences, joinder likewise was within the Superior Court's discretion here, where the alleged episodes are linked by the tighter, household-specific similarities described above.

(11) Bryan also fails to show that the Superior Court exceeded the bounds of reasoned discretion in addressing the remaining *Getz* requirements that he challenges. The court could reasonably conclude that the proof supporting each episode was "plain, clear, and conclusive" for cross-admissibility purposes where the State relied on direct testimony from each complainant, along with other trial evidence establishing Bryan's presence in the home and access to the children.[27] Nor does remoteness here compel severance. Delaware applies no bright-line cutoff; remoteness turns on whether there is a "visible, plain, or necessary connection"

---

[25] *Wood v. State*, 956 A.2d 1228, 1230–31 (Del. 2008).

[26] *Id.* at 1232–33.

[27] *See Getz*, 538 A.2d at 734 (citing *Renzi v. State*, 320 A.2d 711, 712 (Del. 1974)); *Kendall v. State*, 726 A.2d 1191, 1195 (Del. 1999) (holding prior-misconduct evidence was "plain, clear, and conclusive" where "[t]he State presented the direct testimony of eyewitnesses and [victims] with personal knowledge," and noting that eyewitness testimony may satisfy the standard).

between the acts and the proposition to be proved.[28] Given the connective similarities described above, the Superior Court acted within its discretion in concluding that the temporal gap did not defeat cross-admissibility or require severance. Finally, Bryan has not shown that the probative value of the cross-admissible evidence was substantially outweighed by the danger of unfair prejudice. Where evidence is cross-admissible, the incremental "spillover" prejudice from joinder is substantially reduced because much of the same evidence would be presented in separate trials.[29] Accordingly, Bryan has not carried his burden to show that the Superior Court abused its discretion in denying his Motion for Relief from Prejudicial Joinder.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[28] *See Kendall*, 726 A.2d at 1195–96 (rejecting bright-line remoteness rule; holding misconduct dating back to 1982 was not too remote where it demonstrated a "continuous flow of related illicit activity spanning nearly 12 years" and the same pattern of misconduct); *Wood*, 956 A.2d at 1230–33 (affirming joinder of child-sex offenses that occurred between 1996–1998 and 2000–2005 where the incidents shared distinctive similarities supporting a common scheme or plan).

[29] *Wiest*, 542 A.2d at 1195 & n.3; *Skinner v. State*, 575 A.2d 1108, 1118 (Del. 1990).